[No. 20234. In Bank.—August 25, 1887.]

THE PEOPLE, RESPONDENT, *v.* JOHN W. RICE, APPELLANT.

CRIMINAL LAW — RECEIVING STOLEN GOODS — INFORMATION — ALLEGATION OF VALUE. — An information for receiving stolen property need not allege the value of the property.

ID. — TIME OF OFFENSE — IMMATERIAL VARIANCE. — In a prosecution for such an offense, when the evidence shows that the crime was committed three months prior to the time as alleged in the information, the variance is immaterial.

ID. — ABSENCE OF COUNSEL FOR DEFENDANT — OVERRULING DEMURRER. — On a trial for felony, the fact that the counsel for the defendant was absent from the court-room when the court announced the overruling of his demurrer to the information will not warrant a reversal, it not being shown that the defendant was prejudiced thereby.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. D. Grady*, and *R. H. Ward*, for Appellant.

*Attorney-General Johnson*, for Respondent.

SHARPSTEIN, J. — Appellant was accused by information, and convicted of the crime of receiving stolen property. There is no allegation that the property was of any value, and the information was demurred to on that ground. The demurrer was overruled, and that ruling is assigned as error. There is nothing in the code defining the crime which, by necessary implication, requires that the value of the property should be alleged, and it is sufficient to charge the offense as defined by the code. (*People* v. *Avila*, 43 Cal. 196; *People* v. *Shuler*, 28 Cal. 490.)

The punishment for receiving stolen goods does not in any degree depend upon the value of them. Therefore value need not be stated. (2 Bishop's Crim. Proc. 930.)

Independently of any admission by defendant's counsel at the trial, that the property alleged to have been stolen was stolen, we think the evidence sufficient to justify a finding that it was stolen. No one testified to having seen it stolen; but the circumstances proven, in our opinion, established the fact beyond a reasonable doubt.

The evidence shows that the offense was committed three months before the time stated in the information. We think the variance immaterial. (Pen. Code, sec. 955.)

It appears that defendant's counsel was not present when the court announced the overruling of his demurrer to the information. No reason is assigned for his absence, nor is it shown, or attempted to be shown, that the defendant was in any way prejudiced thereby. The rule which requires that a defendant on trial for a felony must be present during the entire trial does not apply

to a point like this, and there is no reason why it should.

Judgment and order affirmed.

SEARLS, C. J., THORNTON, J., McFARLAND, J., TEMPLE, J., and PATERSON, J., concurred.