JOHN LEE v. THE STATE.

No. 3242.   Decided February 22, 1905.

**1.—Attempt to Bribe Peace Officer—Indictment.**

See opinion for an indictment held sufficient for the offense of attempting to bribe a peace officer.

**2.—Same—Declarations Between Third Parties—Legality of Arrest.**

Where the conversation between third parties ·were the declarations of the peace officers prior to the arrest, to show the legality of the arrest of defendant they were admissible although made in his absence.

**3.—Same—Evidence—Variance.**

Where the allegation in the indictment was that defendant offered the sum of five dollars to the officer as a bribe, and the testimony was that he offered him five dollars and gave him more money then, there was no variance.

**4.—Same—Evidence—Declarations by Defendant.**

Where defendant, who was being tried for offering a bribe, proposed to show that on the day of the bribery he tried to borrow money, and said just after the alleged bribery that he had no money in his possession, the same was properly excluded as evidence in his defense.

**5.—Same—Charge of Court—Definition of Bribe.**

See opinion for correct definition of the term bribe under article 144, Penal Code.

**6.—Same—Charge of Court—Variance.**

Where the court instructed the jury in a case of offering a bribe, that the evidence should support the allegation and substantiate and establish it beyond a reasonable doubt, but that it was not necessary that the language of the State's witness be the exact language of the charging part of the indictment, and the evidence showed that the defendant told prosecutor he would give him five dollars and give him more money, the allegation in the indictment being that he offered him five dollars, there was no variance of the exact language; if it be conceded that the charge was inaccurate.

**7.—Same—Charge of Court—Warrant of Arrest—Legal Custody.**

Where the evidence showed that the deputy sheriff had a warrant for the arrest of defendant and that the policeman to whom the defendant offered the bribe was assisting the deputy sheriff in the arrest; the former had, in law, a warrant in conjunction with the deputy sheriff, and there was no error not to charge the jury that before they could convict the defendant they must believe that defendant was in lawful custody.

**8.—Same—Charge of Court—Peace Officer.**

Where the court instructed the jury that a policeman of any incorporated town or city is a peace officer within the meaning of the term as used in the court's charge, there was no error, the evidence showing that prosecutor was chief of police and was assisting a deputy sheriff in arresting defendant who was alleged to have offered a bribe to the prosecutor to permit defendant to escape.

Appeal from the District Court of Erath.   Tried below before Hon. W. J. Oxford.

Appeal from a conviction of offering to bribe a peace officer; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Nugent & Carter,* for appellant.—McAlister v. State, 8 Texas Ct. Rep., 559.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an attempt to bribe a peace officer, his punishment being assessed at confinement in the penitentiary for a term of two years. The charging part of the indictment, is as follows: John Lee, * * * "did then and there unlawfully and corruptly offer to bribe Jim Crane, who was then and there the duly qualified chief of police of the city of Stephenville, in Erath County, Texas, and a peace officer in said city, county and State, and did then and there unlawfully, wilfully and corruptly offer to give as a bribe to the said Jim Crane, chief of police as aforesaid, the sum of five dollars in money, with the intent and purpose on the part of him, the said John Lee, to induce and procure the said Jim Crane, chief of police as aforesaid, unlawfully and corruptly and in violation of his official duty to permit the said John Lee, then and there a prisoner in the lawful custody of him, said Jim Crane, to escape from his, the said Jim Crane's lawful custody," etc. The indictment is sufficient.

By the first bill of exceptions appellant objected to witness Bates Cox testifying, "that on the morning of November 20th or 21st, he had a capias for defendant and met Jim Crane on that morning and told him he had a capias for defendant, and had heard that he was in town, and if he found him to arrest him, for Crane to go to the left around the square and he, the witness would go to the right around the square and look out for him." His objections are, such acts and declarations of third parties in the absence of defendant, and not admissible for any purpose. This testimony was admissible to show the legality of the arrest, and the mere absence of defendant would not preclude the admission of this testimony.

And by another bill appellant complains of the witness Jim Crane, testifying, "that he arrested defendant under the instructions of deputy sheriff Cox, and started out of the building, where he arrested him, and when they got close to the front door, defendant stopped him, and says, 'I want to see you a minute' and turned and walked back to the back end of the building, and just outside of the door of the building in the rear of the house he turned to the right and stopped there, and says to me, 'They are trying to punch me here,' and he went on to say that he was going to leave the country, and that if I would turn him loose he would give me five dollars, and give me more money then." The objections to this testimony in the bill are: it does not respond to the allegations in the indictment, and is irrelevant and immaterial. We fail to see any variance in the allegations of the indictment and the testimony of the witness, except the last statement of defendant, to wit: "and give me more money then." This would not constitute such variance as would necessitate the exclusion of such evidence.

Appellant also complains because the court refused to permit him to prove by witness John Lawson that at the time or about the time and on the same day that defendant is alleged to have offered to bribe witness Jim Crane, that John Lee at that time tried to borrow money from witness John Lawson; that this took place prior to his arrest by Jim Crane. This testimony was not admissible. By another bill he offered to prove by witness Bates Cox, that on the day of the arrest of defendant, just after the alleged offense of offering to bribe the officer Jim Crane, defendant told witness he had no money in his possession. This testimony was not admissible, and would throw no light upon the charge then under consideration.

The court charged the jury, "By the term 'bribe' as herein used, is meant any gift, emolument, money or thing of value, or the promise of either, bestowed or promised, for the purpose of influencing a peace officer in the performance of any duty, public or official, or as an inducement to favor the person offering the same." This definition is correct. See article 144, Penal Code.

And further told the jury, "The actual tender of a bribe is not necessary to perfect the offense of offering a bribe as contemplated by statute. Any expression of an ability to produce a bribe, as a gift to the officer to induce him to release the person, is all that is necessary to perfect the crime charged in the indictment." This charge is correct.

After the jury had retired to consider their verdict, they returned into open court, and propounded to the judge the following question: "It is charged in the indictment that he offered the sum of five dollars in money. Now, we want to know whether this is Jim Crane's own words, or is it drawn from the statutes? Does the evidence of the State witness, Jim Crane, have to correspond with this indictment?" In answer to the above questions, the court instructed the jury: "To your first question, as to whether or not the words in the indictment are Jim Crane's, to the effect that he offered the sum of five dollars, you are instructed that this charge is made by the grand jury against the defendant, and that the words in the indictment are not Jim Crane's words, that is, that the grand jury prefers the charge and not Jim Crane. As to the second question, you are instructed that the evidence should support the charge and substantiate and establish it beyond a reasonable doubt; but that it is not necessary that the language of the State's witness be the exact language of the charging part of the indictment." Appellent excepted, because they were upon the weight of the evidence; and the court misinterpreted the second question asked by the jury and did not answer it in the way it was asked; that it virtually tells the jury that the proof and the allegations in the indictment need not correspond. If it be conceded that the charge is inaccurate in the particular stated, that the exact language need not be proved, yet it could not, in the nature of things injure appellant, because the exact language was proved, with the statement that defendant told prosecutor Crane, "he would give me five dollars, and give me more money then." This would not be a variance;

and under no view of the case could the charge have injured appellant.

Appellant excepted to the following portion of the charge: "You are instructed that a policeman of any incorporated town or city is a peace officer within the meaning of the term as used in this charge." The objection urged being that at the time Jim Crane arrested Jim Lee, he had no warrant, and was not acting in the capacity of a peace officer; and had no authority at the time to arrest Jim Lee, and was not a deputy sheriff or constable of Erath County, and was not shown to have been a peace officer; and because said charge assumes the fact of a legal arrest, and that Jim Crane was a peace officer within the meaning of the law; and because the court nowhere defines what a peace officer is. It will appear from the reading of the testimony that prosecutor Crane who was chief of police of Stephenville, was assisting Bates Cox, deputy sheriff in making the arrest; and the statutes make said Crane a peace officer of the State. The charge is correct.

Appellant further complains of the court's charge because it does not instruct the jury, that before they could convict defendant, John Lee, they must believe from the evidence that John Lee was in the lawful custody of him, said Crane; and that the evidence showed Jim Crane had no warrant for his arrest. The evidence shows he did have a warrant in conjunction with the deputy sheriff, and was assisting the deputy sheriff in making the arrest. This evidence not being controverted it was not error for the court to instruct the jury as here complained of.

The evidence is sufficient to support the conviction, and the judgment is affirmed.

*Affirmed.*