[Crim. No. 339.  First Appellate District.—November 21, 1911.]

# THE PEOPLE, Respondent, v̇. PAUL A. VINCILIONE, Appellant.

CRIMINAL LAW—OFFERING BRIBE TO JUDICIAL OFFICER—SUFFICIENCY OF INDICTMENT — OFFERING PART OF ATTORNEY FEE TO JUSTICE OF PEACE TO DISMISS PROSECUTION.—An indictment for violating section 69 of the Penal Code, which makes it a felony for any person to give or "offer to give a bribe to any judicial officer," which alleges that the defendant was an attorney at law, engaged in defending a criminal prosecution before a justice of the peace, and that such attorney then made an offer to pay to said justice "a portion of the fee which he would receive," if such justice would dismiss the prosecution, sufficiently states the offense of an offer to bribe a judicial officer with the intent to corruptly and unlawfully influence his decision in the cause then pending before him.

ID.—NATURE OF "BRIBE"—"PRESENT OR PROSPECTIVE VALUE"—"OFFER OF BRIBE."—The phrase used in the legislative definition of a "bribe" as "anything of value or advantage, present or prospective," implies a future existence and probable value of the thing offered, based on present indications; and it is not necessary to a completion of the crime of offering to give a bribe that the thing offered should have a present existence or a definite or ascertainable value. To offer a thing in the future, which at the time agreed upon for future delivery will have being and value, is to offer a valuable thing within the meaning of the statute. The crime is complete the moment an offer is made to give something to a public officer, with a corrupt intent to influence him in his official conduct, which may have a future existence and a prospective value.

ID.—NATURE OF "ATTORNEY'S FEE"—PROSPECTIVE VALUE.—While an attorney's fee is often elusive and evanescent, it certainly has at all times a prospective value; and whether its future value be much or little, an offer to share it with a judicial officer in exchange for a judicial decision is sufficient to support an indictment for offering to give a bribe.

ID.—ALLEGED DATE OF COMMISSION OF OFFENSE—IMMATERIAL VARIANCE IN PROOF.—The precise date on which the offense is alleged to have occurred need not be set forth where time is not of the essence of the offense; and a variance of twelve days between the allegation of the offer to bribe and the proof as to the actual date is immaterial, where both allegation and proof are within the period designated by the statute of limitations.

ID.—SUPPORT OF VERDICT.—It is held that the evidence upon the whole case is amply sufficient to support the verdict of an offer to give a

17 Cal. App.—33

bribe in the manner and form charged in the indictment, and that the most that can fairly be claimed for defendant is a conflict of evidence as to his motive and intent, and the verdict of the jury will not be disturbed in such case.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

O. F. Meldon, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

LENNON, P. J.—The defendant was indicted by the grand jury of Marin county for the crime of offering a bribe to a judicial officer. Upon his trial the defendant was found guilty, and his appeal is from the judgment and the order denying him a new trial.

It was evidently the purpose of the indictment to charge a violation of section 92 of the Penal Code, which makes it a felony for any person to give or "offer to give a bribe to any judicial officer," with the intent to influence his decision upon any matter which is before him for decision.

It appears from the indictment that on the second day of August, 1909, one J. F. Renner was the duly elected, qualified and acting justice of the peace in and for Sausalito township in the county of Marin, and that there was then and there pending before said Renner, as justice of the peace, a certain clause entitled, "The People of the State of California vs. Jane Doe Biggeo," wherein the defendant Biggeo was represented by Paul A. Vincilione, the defendant here, in his professional capacity of attorney and counselor at law. That portion of the indictment which describes the bribe and alleges the offer thereof charges, in substance, that the defendant, Vincilione, did unlawfully, willfully, corruptly and feloniously offer to give to said J. F. Renner, as justice of the peace, "a *portion* of the fee which he, Paul A. Vincilione, *would* receive as attorney for the said defendant Jane Doe Biggeo," if the said Renner would dismiss the case then

pending against her, and that this offer was made by Vin-
cilione as a bribe, with the intent to corruptly and unlawfully
influence the decision of said Renner, as justice of the peace,
in the cause pending before him.

The defendant contends, among other things, that the in-
dictment does not state facts sufficient to constitute a public
offense in this, that the defendant is not specifically charged
with having offered, as a bribe, anything which was of present
or prospective value or advantage.

In support of this contention it is argued that as the
alleged offer of a bribe related solely to "a portion of the
fee" which the defendant "would receive," and did not pur-
port to embrace an agreed and ascertained fee, the indictment
does not expressly or impliedly charge the defendant with
having offered to the justice of the peace anything which had
a real or potential existence, and that, therefore, it cannot be
said that the alleged bribe had either a present or prospective
value.

A "bribe" is defined to be "anything of value or advan-
tage, present or prospective, or any promise or undertaking
to give any, asked, given or accepted, with a corrupt intent
to influence unlawfully the person to whom it is given, in
his action, vote or opinion, in any public or official capacity."
(Pen. Code, sec. 7, subd. 6.)

This legislative definition of the word "bribe" has been
held to embrace all the essentials of the crime of bribery
(*People* v. *Ward,* 110 Cal. 373, [42 Pac. 894]) ; and when con-
strued in the light of the plain and ordinary meaning of the
language employed, it clearly contemplates that a promise
to give a public officer anything, which may have a future
existence and value, with the intent to unlawfully influence
him in his official action, constitutes bribery.

The phrase "anything of value or advantage, present or
prospective," implies a future existence and probable value
of the thing offered based upon present indications; and it is
not necessary to a completion of the crime of offering to give
a bribe that the thing offered as a bribe should have a present
existence or a definite and ascertained value. To offer a thing
in the future which, at the time agreed upon for future de-
livery, will have being and value is to offer a valuable thing
within the meaning of the statute; and as the gravamen of

the offense is the tendency which the thing offered as a bribe may have to pervert justice or corrupt official action, the crime is complete the moment an offer is made to give something to a public officer with a corrupt intent to unlawfully influence him in his official conduct, which may have a future existence and a prospective value. Any other interpretation of the statute would place a premium upon bribery, and even in the most flagrant cases make conviction impossible. While an attorney's fee is oftentimes elusive and evanescent, it certainly has at all times a prospective value; and whether its future value be much or little an offer to share it with a judicial officer in exchange for a favorable decision is sufficient to support an indictment for offering to give a bribe.

The indictment was presented and filed on January 25, 1911, and the offer of the bribe is alleged therein to have been made on the second day of August, 1909. The evidence adduced at the trial was directed solely to an offer claimed to have been made on July 20, 1909, and because of this it is now claimed upon behalf of the defendant that there is a material and fatal variance between the allegations of the indictment and the proof offered in support thereof with respect to the time when the offense is charged to have been committed.

The precise day on which an offense is committed need not be pleaded unless time is of the essence of the offense; and as it clearly appears in the case at bar that but a single offense is charged to have been committed at a time anterior to the finding of the indictment, and within the period designated by the statute of limitations, the variance of twelve days between the time charged and that proved is immaterial. (*People* v. *Littlefield,* 5 Cal. 355; *People* v. *Lafuente,* 6 Cal. 202; *People* v. *Sheldon,* 68 Cal. 434, [9 Pac. 457]; *People* v. *Rice,* 73 Cal. 220, [14 Pac. 851]; *People* v. *Williams,* 133 Cal. 168, [65 Pac. 323].)

There is no merit in the contention that the evidence is insufficient to support the verdict because it was not shown that the offer to give a bribe was made in the precise language and upon the express condition set out in the indictment. The testimony upon the whole case sufficiently supports the verdict as against this objection of the defendant. Upon this phase of the case Renner, the justice of the peace, as a wit-

ness for the people, testified in part that "Mr. Vincilione and I went out on the street. . . . He says, 'Fred, I am going to ask for a dismissal in this case.' He says, 'When I get my fee from these people I will split it with you.' I said, 'All right.' There was nothing more said about the matter."

The gist of the offense as charged in the indictment was the offer by the defendant to give a portion of his fee to the justice of the peace in the event of a dismissal of the action, and the quoted conversation of the defendant coupled with the reply of Renner was amply sufficient to warrant the jury in finding, as they did by their verdict, that the transaction impliedly, if not expressly, constituted an offer to give a bribe in the manner and form charged in the indictment.

If ever there was any doubt in the minds of the jury as to the purpose of the conversation between the defendant and Renner, that doubt must have been dispelled by the undisputed fact, which appears in the record of the evidence before us, that the case pending before Renner was subsequently dismissed, and that later the defendant actually delivered to Renner a check for $25 which, as stated to several persons by the defendant, was given "to square" or "fix" the Biggeo case.

In his defense, and as a witness in his own behalf, the defendant attempted to explain and justify his part in the transaction upon the theory that everything that was said and done by him and the justice of the peace arose out of facts and circumstances wholly disconnected with the alleged offer of July 29, 1909. It is now insisted in effect that the testimony upon the whole case is in harmony with the defendant's explanation of the transaction, and that, therefore, the verdict of the jury is contrary to the evidence. With this contention we cannot agree. The most that can be fairly claimed for the defendant is a conflict of evidence as to his motive and intent. Heretofore, when confronted by a question involving a conflict of evidence, the established rule of law required us to hold that the verdict of the jury was conclusive; but even if it be conceded that the jurisdiction of this court has been recently enlarged to the extent of embracing and permitting a review of questions of fact in criminal cases, we would not be inclined to reverse a jury's finding of fact

in any given case unless it was plainly apparent that there was a total absence of evidence upon the whole case, or upon some essential and vital phase of the case.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Hall, J., concurred.