[Crim. No. 3012.   Second Appellate District, Division One.—February 18, 1938.]

THE PEOPLE, Respondent, v. CLAUDE A. BAKER, Appellant.

John R. Barta and A. J. Fritz for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant was found guilty, by a jury, of two counts of grand theft. This appeal is from the judgment and from the order denying defendant's motion for a new trial.

The record reveals that the alleged offenses arose out of a business transaction between the defendant and a finance company. It appears that the defendant and the finance company entered into an agreement, by the terms of which the defendant agreed to sell, and the finance company agreed to buy, certain conditional sales' contracts.

Defendant was engaged in the business of manufacturing and selling "Min-O-Zone" machines, used in the sterilization of water, etc., and in the disinfection of sugars. In connection with the transactions between defendant and the finance company, defendant sold a contract to the finance company representing the sale by him of three "Min-O-Zone" machines to a sugar company at Oxnard, California. The terms of sale of the machines provided that they were to be operated on trial, and the purchaser reserved the privilege of returning them to the seller if the machines were found to be unsatisfactory. The contract was sold to the finance company at a discount; the payments on said contract, by the sugar company, were to be made as follows: " . . . Three Hundred Ninety-Six and 87/100 Dollars ($396.87) on or before September 15, 1936, if equipment is accepted by us; and balance of One Thousand Nine Hundred Forty and 63/100 Dollars ($1940.63) in eight equal instalments of Two Hundred Forty-Two and 58/100 Dollars ($242.58) payable on the 15th day of each calendar month beginning September 15, 1936." In connection with this transaction the finance company paid defendant the sum of $500 on October 5, 1936. On October 9, 1936, defendant was notified by the sugar company that the machines were unsatisfactory. Thereafter, to wit, on October 17, 1936, defendant collected the further sum of $804.11, upon said contract, from the finance company.

■ Count I of the indictment alleged the theft of $1304.11, on or about October 5, 1936. It is contended by appellant, "That it can not be determined from the verdict whether the jury found the defendant guilty in taking the $500 on October 5, 1936, or the $804.11 on October 17, 1936, in find-

ing him guilty on Count One of the indictment''; and that ''there is a fatal variance between the indictment and the proof''.

If the indictment had alleged one offense based on the receipt of the $500, and another offense based on the receipt of the $804.11, the claim that the evidence would support a judgment of conviction as to the count based on the $500 item would be open to question. But such a question is not presented on the appeal herein, nor was such a question presented to the jury. The only question the jury was required to determine on the issue raised by the indictment as to count I was, whether the defendant was guilty of the theft of $1304.11 on or about October 5, 1936. It is well settled that proof of the exact amount alleged to have been involved in the theft is not necessary, nor is proof of the exact time necessary, to support a verdict of guilty. (Pen. Code, secs. 955, 956; *People* v. *Fleming*, 220 Cal. 601 [32 Pac. (2d) 593].) The indictment was sufficient in every respect, and the defendant, under the circumstances, could not have been misled by the development of the evidence during the progress of the trial. It was definitely established that the $804.11 was obtained under and by virtue of false pretenses, and the defendant is in no position to complain because proof in this regard as to the $500 item was wanting. There was no miscarriage of justice. (Art. VI, sec. 4½, of the Constitution of California.)

Count II involved the sale by defendant to the finance company of an alleged contract in connection with the purchase of a ''Min-O-Zone'' machine by a sugar company at Mason City, Iowa. The agreement between defendant and the finance company authorized defendant to collect the payments due on the conditional sales contracts purchased by the finance company, which collections were required by the terms of said agreement to be forthwith remitted to the finance company. Count II is based on the alleged unlawful appropriation by defendant of monies collected from the sugar company at Mason City, Iowa.

Appellant contends that ''On account of the errors above mentioned as to Count I the jury may have been influenced as to its verdict on Count II, and therefore the whole case should be reversed.'' In the light of the foregoing rea-

soning with regard to the disposition of count I, such argument is without merit.

The judgment and order appealed from are affirmed.

York, P. J., and White, J., concurred.