# FRANK HANDLEY v. STATE.

No. A-9548.   May 23, 1940.
(102 P. 2d 947.)

322

J. Q. A. Harrod and Laynie W. Harrod, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant Frank Handley was convicted in the district court of Woodward county of the offense of attempted bribery of a public officer; was tried, convicted, and sentenced to serve a term of five years imprisonment in the state penitentiary, and has appealed to this court.

The information filed against the defendant reads as follows (omitting the caption) :

"Now comes James G. Young, county attorney, in and for the state and county aforesaid ; and gives the court to know and be informed that one Elmer A. Nelson, late of the county of Woodward and state of Oklahoma, on or about the 27th day of December, in the year of our Lord, one thousand nine hundred and thirty-seven, at and within the said county and state was then and there and during all the times mentioned herein has been the duly elected, qualified and acting sheriff, of Woodward county, Oklahoma, and that it was then and there the official duty of the said sheriff, to enforce, the laws of the state of Oklahoma, prohibiting the manufacture, sale, and transportation of intoxicating liquor; that on the day and year aforesaid in the county and state aforesaid one Frank Handley, then and there knowing that the said Elmer A. Nelson was then and there the duly elected, qualified and acting sheriff of Woodward county, Oklahoma, did then and there knowingly, willfully, wrongfully,

unlawfully, corruptfully and feloniously offer and promise a gift and gratuity to the said Elmer A. Nelson, sheriff of Woodward county, state of Oklahoma, in words as follows, to wit: 'If you will let me operate a wholesale liquor business in Woodward county, I'll pay you the first of every month enough money to satisfy you, the more I make the more I can pay you;' with the wrongful, unlawful, corrupt and felonious intent then and there on the part of him, the said Frank Handley, to influence the action of the said Elmer A. Nelson, in his official capacity, in the performance of his official duty as sheriff of Woodward county, Oklahoma; contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Oklahoma."

The state in support of its information introduced the evidence of Elmer A. Nelson, who testified that he was the sheriff of Woodward county; that the defendant called him over the telephone just before 7 p. m. on December 27, 1937, and asked if he could come out to see him. The defendant shortly thereafter drove up in front of the sheriff's house, honked his horn, and the sheriff went out to the automobile which the defendant was driving; got into the car at the suggestion of the defendant; that the defendant started driving down a street in the town of Woodward; that the defendant said he was a law violator; that he was in the wholesale liquor business and wanted to start up a place of business in Woodward; that he wanted to get acquainted with the sheriff and make arrangements so that things would be all right for him to do that; that he told the sheriff he was living in another town in the state and was paying the officers there where he lived, and introduced himself to the sheriff under the name of Wilson; that the sheriff refused to have anything to do with the scheme of the defendant and asked him to take him home and leave; that the defendant said that Woodward was prosperous; the liquor business would be

good there; and that he would pay the sheriff enough money the first of each month to satisfy him, if he would allow him to operate a wholesale liquor house there without interference from the sheriff; that the defendant parked his car there on one of the streets of Woodward and talked with the sheriff for several minutes, trying to convince the sheriff that he could easily make enough money by following the defendant's suggestion so that when he went out of office he would have enough money to go into business for himself. The defendant kept insisting that the sheriff make a deal with him so as to allow him to indulge in his liquor operations in Woodward county; and finally the sheriff arrested him, and took him to the jail; that the jailer and sheriff searched the defendant at the jail and found two wholesale liquor tickets from a liquor house in Arkansas, which tickets were introduced in evidence and showed a sale of two shipments of liquor to Frank Handley of El Reno, Okla., one shipment of assorted liquors (listing them by name) totaling $730.75 and the other shipment totaling $856.10. One of said invoices was dated December 22, 1937, and the other December 13, 1937. These invoices corroborated the statement made by the defendant to the sheriff as to the business in which he was engaged.

T. C. Hayes testified for the state that he was the jailor of Woodward county; that the defendant was brought to his jail the night of December 27, 1937, by the sheriff; that he helped search the defendant and found the liquor invoices on him; that the defendant at that time said his name was Wilson.

No evidence was offered by the defendant.

The defendant assigns as error the following:

(1) Error of the court in overruling defendant's motion to quash the information.

(2) Error of the court in overruling defendant's demurrer to the information.

(3) The evidence is insufficient to support the verdict of conviction upon the uncorroborated testimony of the sheriff.

The prosecution herein alleged an offense under the provisions of section 1906, O. S. 1931, 21 Okla. St. Ann. § 381 which reads as follows:

"Whoever corruptly gives, offers or promises to any executive, legislative, county, municipal, judicial or other public officer, or any person assuming to act as such officer, after his election or appointment, either before or after he has qualified or has taken his seat, any gift or gratuity whatever, with intent to influence his act, vote, opinion, decision or judgment on any matter, question, cause or proceeding which then may be pending, or may by law come or be brought before him in his official capacity, or as a consideration for any speech, work or service in connection therewith, shall be punished by imprisonment in the state penitentiary not exceeding five years, or by a fine not exceeding three thousand dollars and imprisonment in jail not exceeding one year."

In support of his motion to quash the information, the defendant attaches a transcript of the evidence offered by the state at the preliminary hearing. This evidence was the testimony of the sheriff, which was in substance as hereinabove outlined. Counsel for the defendant cites no authorities in support of their contention that the motion to quash should have been sustained. We find that the same is wholly without merit, and that the court did not err in overruling said motion.

The information hereinabove quoted sets forth the offense alleged to have been committed in the language of the statute.

We have heretofore held in a great number of cases where the information charges the offense alleged to have been committed in ordinary and concise language, in the language of the statute, so as to enable a man of ordinary understanding to know the offense which he is alleged to have committed, that the information is sufficient. As in the question raised on the motion to quash, counsel for the defendant in their brief do not cite any authorities to sustain their position.

The information herein fully acquaints the defendant with the nature of the charge against him, and is such as to enable him to prepare his defense thereto; and under the rules of this court, no error was committed in overruling the demurrer filed thereto. Armstrong v. State, 48 Okla. Cr. 146, 289 P. 1115; McHugh v. Territory, 17 Okla. 1, 86 P. 433; McGhee v. State, 49 Okla. Cr. 387, 294 P. 649; Keasler v. State, 38 Okla. Cr. 255, 259 P. 1059.

The defendant alleges that the conviction rests solely on the testimony of the sheriff, and that this case should be governed in its disposition by the provisions of section 1916, O. S. 1931, 21 Okla. St. Ann. § 391, which reads as follows:

"In all cases wherein the offering, giving or receiving bribes is made criminal by the provisions of the penal code, the party to such crime who shall first furnish information in relation thereto, as against the other parties, and in any prosecution therefor, shall testify to the same truthfully and fully, shall not thereafter be criminally liable therefor, but in such case no conviction shall be had on the uncorroborated testimony of one such witness."

A reading of that section, however, discloses that the Legislature was only dealing with those cases where a party to the crime confesses participation therein, and then in order to gain immunity from prosecution testifies fully for the state. In those cases the statute clearly pro-

vides that the person charged cannot be convicted upon the uncorroborated testimony of one such witness. The witness referred to in said statute must be one who is particeps criminis and does not apply to one who is innocent of any wrongdoing.

In this case Sheriff Nelson is not a party to a crime. He has committed no offense; therefore, has nothing to confess and has no desire for immunity. The above statute clearly has no application to the instant case.

Here the defendant is not charged with the offense of bribery, but only with the offense of attempted bribery.

The defendant insists that no definite sum of money was offered to the sheriff, and, therefore, no attempted bribery committed.

Section 1777, O. S. 1931, 21 Okla. St. Ann. § 97, defines a bribery as follows:

"The term 'bribe' signifies any money, goods, right in action, property, thing of value or advantage, present or prospective, or any promise or undertaking, asked, given or accepted, with a corrupt intent to influence unlawfully the person to whom it is given, in his action, vote or opinion, in any public or official capacity."

In 8 Am. Jur. 889, the general rule is stated as follows:

"Almost anything may serve as a bribe so long as it is of sufficient value in the eyes of the person bribed to influence his official conduct; it is not even necessary that the thing have a value at the time when it is offered or promised. * * * The acceptance by a public officer of a promise to take money in the future for influencing his present official act constitutes bribery."

See Scott v. State, 107 Ohio St. 475, 141 N. E. 19; also, the note to Rudolph v. State, 116 Am. St. Rep. 38.

California has a statute similar to ours. In the case of People v. Vincilione, 17 Cal. App. 513, 120 P. 438, the California court stated:

"Under Pen. Code, § 92, which makes it a felony to offer to give a bribe to any judicial officer, an indictment, charging that accused offered to give a justice of the peace a 'portion' of a fee which accused 'would' receive as attorney in a certain case if the justice would dismiss the case, is not insufficient as failing to charge an offer to give anything of present or prospective value."

In the case of Lee v. State, 47 Tex. Cr. R. 620, 85 S. W. 804, the defendant was indicted for the offense of attempting to bribe the chief of police, and the court there held:

"The actual tender of a bribe is not necessary to perfect the offense of attempting to bribe a peace officer, but any expression of an ability to produce a bribe as a gift to the officer to induce him to release a prisoner is sufficient to complete the offense."

The Supreme Court of Missouri has likewise expressed this same rule in the cases of State v. Woodward, 182 Mo. 391, 81 S. W. 857, 103 Am. St. Rep. 646, and State v. Miller, 182 Mo. 370, 81 S. W. 867.

The defendant's contention that there is no evidence to show an attempted bribery is wholly without merit. The gist of the offense seems to be the tendency of the bribe to pervert justice in any of the governmental departments: Executive, legislative or judicial. The reason and necessity for such a law is plain. The offer of a bribe is a sore temptation to the weak and depraved. It tends to corrupt; and as the law abhors the least tendency to corruption, it punishes the act which is calculated to debase and which may affect the morals of the community. Bribery is a crime which directly affects the community at large through its officers and representatives. In ancient times, and later among the Romans, the giving of rewards and gifts to public officers was tolerated and

even encouraged, and without such gifts no audience could be had with the officers. As civilization advanced the people quickly saw the danger of any such custom; hence, the decree of the common law against it. And in modern times the heinousness of the offense became more intolerable as the power of wealth increased so that the crime has in most jurisdictions been made punishable as a felony. The reason of the rule of the common law, and of the greater stringency of modern statutory law, is clear. The spirit of any democratic government is utterly abhorrent to anything which tends to debasement in the representatives of the people or threatens the purity of the administration of government. The influence of money has become a powerful force in this dangerous direction; the protection of the rights of the people demands that a severe penalty be imposed upon any person who gives or offers to give anything of value to any public officer as an inducement to official action. The gist of the crime is the danger and injury to the community at large. The right of the citizens of this state cannot thus be corruptly tampered with and bargained away.

The instructions fairly present the issues to the jury. The guilt of the defendant was thoroughly proven by the evidence in the case. The defendant did not testify, and no evidence to refute the state's case was offered. The defendant has been a familiar figure before this court in connection with his liquor violations. See Handley v. State, 68 Okla. Cr. 183, 96 P. 2d 546, and Handley v. State, 61 Okla. Cr. 90, 65 P. 2d 1026. He was in truth a law violator, as he stated to the sheriff. We see no good reason why the verdict of the jury should be disturbed. The judgment is accordingly affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.