[Crim. No. 2080.   Third Dist.   Sept. 25, 1948.]

THE PEOPLE, Respondent, v. HAROLD CHARLES
MORANDA, Appellant.

Harold Charles Moranda, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—In an information filed in Humboldt County defendant was charged with burglary committed on or about December 16, 1947, in that he did "wilfully, unlawfully, feloniously and burglariously enter those certain premises and building known as Shafer's Hardware Store, located at 2750 'E' Street, in the City of Eureka, County of Humboldt, State of California, and occupied by A. F. Shafer and Frank Kitchen, with the felonious intent then and there to commit the crime of theft therein." A trial resulted in defendant's conviction, and he has appealed, contending first that there was a fatal variance between the pleading and the proof of the offense; second, that he was unduly restricted in the questioning of witnesses.

Appellant's claim of a fatal variance is based upon the fact that while the information charged the burglary to have been committed "on or about" December 16th, the evidence shows it to have been committed on December 18th. There is no merit in this contention. It is well established that such a variance is immaterial unless time is of the essence of the offense; and that where it clearly appears, as it does in this case, that but a single offense is charged to have been committed anterior to the filing of the information, and within the period designated by the applicable statute of limitations, the variance is of no significance. Section 955 of the Penal Code of California provides that the precise time at which an offense was committed need not be stated in an information, but it may be alleged to have been committed at any time before the filing thereof, except where the time is a material ingredient. And it is set forth in section 960 of that code that no information is insufficient, nor can a judgment be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of defendant upon the merits. Also, section 1404 provides that neither a departure from the form or mode prescribed by that code in respect to any pleading, nor any error therein, renders it invalid unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right.

In the early case of *People* v. *Rice* (1887), 73 Cal. 220, 221 [14 P. 851], where the evidence showed that the offense was

committed three months before the time stated in the information the variance was held immaterial. In *People* v. *Vincilione* (1911), 17 Cal.App. 513, 516 [120 P. 438], a variance of 12 days was held immaterial. Also see *People* v. *Triplett,* 70 Cal.App.2d 534, 541 [161 P.2d 397], and cases there cited; *People* v. *Baker,* 25 Cal.App.2d 120, 122 [76 P.2d 715]; *People* v. *Andrew,* 43 Cal.App.2d 126, 130-131 [110 P.2d 459]; *People* v. *Branch,* 77 Cal.App. 384, 392 [246 P. 811]; *People* v. *Allen,* 144 Cal. 298, 301 [77 P. 948]; 14 Cal.Jur. §§ 72, 73, pp. 96, 97.

In *People* v. *LaMarr,* 20 Cal.2d 705, 711 [128 P.2d 345], the court said that an immaterial variance should be disregarded, and that the test of materiality is whether the information so fully and correctly informs the defendant of the criminal act with which he is charged that, taking in consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense. And in *People* v. *Williams,* 27 Cal.2d 220, 226 [163 P.2d 692], the same rule is stated, the court adding that on a plea of double jeopardy extrinsic evidence is admissible to identify the crime of which a defendant has been convicted. To like effect are *People* v. *Becker,* 140 Cal.App. 162, 164 [35 P.2d 196]; *People* v. *Barnett,* 99 Cal.App. 409, 414 [278 P. 885]; *People* v. *Andrew, supra.*

In the case before us defendant did not demur to the information, and could not have been misled. The evidence showed but one burglary and that such burglary was committed at the place alleged in the information. The evidence before the committing magistrate must have advised defendant that only a burglary of that place was claimed to have been committed by him and that such burglary was committed on the 18th, rather than the 16th, of the month. Also two confessions made by defendant were in evidence in both of which he admitted the offense and that same was committed on the 18th.

Defendant also makes reference to one of the instructions of the court containing the words: ''If, therefore, you believe from the evidence in this case to a moral certainty and beyond a reasonable doubt that the defendant entered the building of A. F. Shafer and Frank Kitchen, known as Shafer's Hardware Store, at the time alleged in the information, with the

intent to steal, you should find the defendant guilty of the crime of burglary." He points out that the court there used the words "at the time alleged in the information." He also refers to the verdict of the jury which found him guilty "as charged in the information on file." It is not asserted that the court's instruction aforesaid was incorrect, and appellant's discussions of same and of the verdict are merely reiterations of his arguments on variance. They are disposed of by what we have said on that subject.

As for appellant's complaint that he was denied the opportunity to question witnesses regarding the 16th day of December, 1947, we have examined the record and find no place therein where defendant's counsel made any such attempt, nor any ruling of the court which denied defendant such opportunity. In one place we find that defendant's counsel asked Officer Gray, who had testified to a search on the 18th of the premises where some of the stolen goods had been secreted by defendant, if he had not searched such premises within a day or so prior to the search on the 18th, and objection thereto was sustained on the ground that it was immaterial. Such ruling was right, since that would have been before the commission of the burglary. There was no effort or offer on the part of defendant or his counsel to show any relevancy of the question or that, if allowed, it would have elicited a reply tending in the slightest degree to show innocence on the part of defendant.

The evidence in the case is entirely sufficient to sustain the verdict of the jury, and no prejudice to any substantial right of defendant has been shown. He would be no better off today if the information had charged the commission of the burglary on the 18th day instead of "on or about" the 16th.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.