RAMÓN OTILIO SOTO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, BALDOMERO FREYRE, JUDGE, Respondent.

No. C-64-13.        Decided June 2, 1964.

*Ángel Viera Martínez, Francisco Torres Aguiar,* and *Santos P. Amadeo* for petitioner. *Rodolfo Cruz Contreras, Acting Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for respondent.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

An information was filed on December 12, 1961 against petitioner Ramón Otilio Soto for a violation of § 126 of the Penal Code, case No. 61-1417, charging him with a felony committed as follows:

"On May 13, 1959 the defendant, Ramón Otilio Soto, illegally, wilfully, criminally and maliciously, and at a public hearing held before the Planning Board in San Juan, Puerto Rico, in case No. 59-209 P. of that public agency, which constituted then and there a proceeding authorized by the law of Puerto Rico, offered in evidence and obtained the admission, as genuine and true, of public deed No. 2, of February 17, 1958, presumably executed before Notary Antonio J. Matta, knowing that that written document was and had been forged and fraudulently altered."[1]

By separate motion the district attorney requested that the following prosecution witnesses be endorsed on the information: Antonio J. Matta, Superior Judge; Petra Guerra; Francisco González, Jr.; Negrón Zayas, engineer; and Julia widow of Santiago.

The hearing of the case on the merits was commenced on April 23, 1963 before a jury which was duly sworn to sit at the trial. Evidence for the prosecution was presented, and in the course thereof the district attorney moved to amend the information so that instead of reading that the facts occurred on January 24, 1961 it should appear May 13, 1959. The trial court authorized the amendment over defendant's objection. The district attorney moved for a second amendment in order that the information should read deed No. 12 instead of deed No. 2. The defense objected. In order that the defendant could prepare himself as a result of the amendment requested, the court adjourned until April 30, 1963, when the

---

[1] "Every person who, upon any trial, proceeding, inquiry, or investigation whatever, authorized or permitted by law, offers in evidence, as genuine or true, any book, paper, document, record, or other instrument in writing, knowing the same to have been forged, or fraudulently altered or antedated, is guilty of felony."

court would decide on the admission of this second amendment. In the session held May 1, 1963 the court entered an order denying the amendment requested by the district attorney on the ground that the same was of a substantial character. As a result of that order the court directed the jury to bring a verdict of acquittal, which the jury did, finding defendant not guilty. As a result of such verdict the court entered written judgment on that same date stating that: "Defendant having been tried by a jury and the court having ordered a direct verdict of acquittal, in view of the variance between the pleadings and the evidence, the court, after accepting the verdict as being formal and in pursuance of law, finds Ramón Otilio Soto not guilty of the offense of violation of § 126 of the Penal Code and acquits him and cancels the bond given."

On the same date, May 1, 1963, the district attorney filed another information, case No. G-63-652, against petitioner Soto for a violation of § 126 of the Penal Code, charging identical facts, except that according to the amendment accepted by the court it read that the facts had occurred on January 24, 1961 instead of May 13, 1959, and referred to public deed No. 12 instead of No. 2, the change which was the object of the motion for amendment which the court did not accept. The names of the same witnesses mentioned above were set forth on the back of this information.

On September 12, 1963 defendant moved for dismissal of this second information on the ground that he had already been acquitted of the same facts and alleged former jeopardy, and because such offense would constitute a violation of § 4 of the Planning Act of Puerto Rico rather than of § 126 of the Penal Code. On October 17, 1963 the trial court denied the motion to dismiss. On February 25, 1964 we issued this writ of certiorari to review that order.

Regarding the facts recited above, the transcript of the record shows that The People called to the witness stand as

its first witness Francisco González Carmona, attorney for Soto in the proceedings before the Planning Board. In the course of his examination the court marked as plaintiff's Exhibit I the document or deed allegedly presented before the Board, the defendant knowing that it had been fraudulently forged or altered, which was No. 12 of the notarial protocol. From the testimony of the witness and other documentary evidence also identified, there appeared the impossibility that the facts could have occurred on May 13, 1959, but that they should have necessarily occurred subsequent to January 18, 1960. In view of this situation, the defense moved to strike the entire testimony of Mr. González.

After an ample discussion the court agreed to eliminate the testimony and thereupon the district attorney moved for leave to amend the information so as to read that the facts had occurred on January 24, 1961. The trial court, as we have already said, authorized the amendment, suspended the proceedings, and granted a term of several days to the defense to enable it to prepare itself in view of the new situation. At that moment, according to the record, the district attorney moved for a second amendment in order that the information should read public deed No. 12 instead of public deed No. 2. The defense objected and the question having been argued, the court, when the proceedings were continued several days later, refused to permit the amendment on the ground that it was of a substantial character. It then asked the district attorney whether he had any other document to support the information, to which he answered: "In the name and on behalf of The People of Puerto Rico we say that the district attorney does not have any deed No. 2 in his protocol of investigation. That, precisely, unless we were controverting the natural order of reason, we would not have requested the amendment in the first place. The deed which we have is No. 12 and in the belief that an error was committed in the allegation we asked that it be amended."

After hearing those statements the court recalled the jury and explained to them that there was a variance or inconsistency between the pleadings and the evidence, and directed them to bring a verdict of not guilty. Subsequently it rendered the judgment which we have copied above.

The motion to dismiss the second information was argued on October 7, 1963 before a different magistrate of the San Juan Part of the Superior Court. The record of case No. 61-1417 as well as the stenographic transcript of the evidence and of the proceedings had therein were made part of this hearing. Again the district attorney alleged that the allegedly forged deed which The People alleged was presented by Ramón Otilio Soto, was No. 12, and admitted that the prosecution had never had a deed No. 2. The parties were also heard as to the contention that if there was any offense, the same would be a violation of § 4 of the Planning Act, punishable as a misdemeanor.

We confront the unquestionable fact on which no further action may be taken,[2] that petitioner herein was acquitted of the facts charged in violation of the provisions of § 126 of the Penal Code, consisting in that at a hearing held before the Planning Board on January 24, 1961, which is a proceeding, he offered in evidence and procured the admission, as genuine and true, of a deed—whether 2 or 12—executed before Antonio J. Matta, knowing that that document was and had been fraudulently forged and altered. It is also unquestionable that the information object of this petition charges petitioner with identical facts of which he was acquitted.

■ Section 11 of the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico provides that no person shall be twice put in jeopardy of punishment for the same offense. At the time of acquitting petitioner in the first prose-

---

[2] See § 348(6) of the Code of Criminal Procedure. However, see, also, *People* v. *Cabrera*, 47 P.R.R. 174, 180 (1934); *People* v. *Noonan*, 46 P.R.R. 700, 702 (1934); and *People* v. *Pagán*, 44 P.R.R. 233 (1932).

cution and filing the present information, May 1, 1963, § 6 of the Code of Criminal Procedure provided that no person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and convicted or acquitted.

■ · In the second procedural aspect § 162 of the same Code provided that the defendant could allege, against an information, with or without the plea of not guilty, a former judgment of conviction or acquittal of the offense charged and the fact that he was once placed in jeopardy for such offense. Section 167 provided in its pertinent part that if the defendant was formerly acquitted on the ground of variance between the information and the proof . . . this was not an acquittal of the same offense. Section 168: That whenever the defendant is acquitted on the merits, he is acquitted of the same offense, notwithstanding any defect in form or substance in the information on which the trial was had. Lastly, § 169 provided that when the defendant is convicted or acquitted or has been once placed in jeopardy upon an information, the conviction, acquittal or jeopardy is a *bar** to another information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included of which he might have been convicted under that information.[3]

■■ It is not proper to consider and decide at this time whether or not the court acted correctly in case No. 61-1417 in refusing to accept the amendment proposed by the district attorney as to the number of the deed. If its determination was correct or incorrect, defendant was acquitted of the offense charged. The only question for decision in this petition is whether pursuant to § 167 *supra*, there was such vari-

---

\* *People* v. *Peña*, 18 P.R.R. 870 (1912).

[3] Rule 254 of the Rules of Criminal Procedure of 1963 repeals the Code of Criminal Procedure of 1902 only in everything connected with or referring to criminal procedure inconsistent with or contrary to these Rules.

ance between the information and the evidence as to bar this second prosecution, or if there was no such variance, as not to bar the same. In 1902 we adopted § 167 from the Penal Code of California, counterpart of § 1021 thereof. At the time of the adoption California had construed that section in the sense that a variance between the information and the evidence did not bar a further prosecution if such variance was of such nature as to make a conviction in the first information *legally* impossible. Such conviction being impossible, defendant could have never been jeopardized in the first proceeding. If the variance was immaterial or insubstantial, in that case the acquittal was a bar to the second prosecution. And California had also held that the error of law of a court regarding as material a variance between the allegations and the evidence, when it did not exist, did not render the former acquittal as a bar to a subsequent prosecution. The question for decision was whether the evidence necessary to obtain a conviction in the second prosecution would have been sufficient to obtain a *legal* conviction in the first. If such evidence was sufficient, the acquittal in the first was a bar. If it was not sufficient, it was not a bar. *People* v. *Arras*, 89 Cal. 223 (1891); *People* v. *McNeally*, 17 Cal. 333 (1861); *People* v. *Hughes*, 41 Cal. 234 (1871). The case of *People* v. *Terrill*, 132 Cal. 497, decided in 1901, is leading and illustrates the matter sufficiently. The facts thereof are very similar to those under consideration. In that case it was held that the court had erred in regarding as material a variance between the allegations and the document allegedly forged which was offered in evidence, and the fact that it was an error of the court did not render the acquittal less available as a bar to a subsequent prosecution, pursuant to the provisions of § 1021 of the Penal Code, counterpart of § 167 of our Code of Criminal Procedure. Considering that there was no material variance, the court was of the opinion that § 1021 (§ 167) was not applicable, but rather § 1023, counterpart

of our § 169 *supra.* That was the interpretation placed upon § 167 and that is still the generally accepted doctrine. *People* v. *Amy,* 223 P.2d 69 (1950); *People* v. *La Marr,* 20 C.2d 705 (1942); *People* v. *Moranda,* 197 P.2d 394 (1948); *People* v. *Rosado,* 76 P.R.R. 362 (1954); and *People* v. *León,* 67 P.R.R. 522 (1947). *Cf.* Fricke, Charles W., California Criminal Procedure 398 *et seq.* (5th ed.); Herrick, Philip, Underhill's Criminal Evidence 139 *et seq.,* § 85 (5th ed.).

■ Analyzing the situation in the case at bar in the light of the applicable doctrine, it seems clear that the variance between the information, which refers to a deed bearing No. 2 and the deed identified in evidence as bearing No. 12, both of the same date and executed before the same notary (no one said in the record that they were not either the same parties or the same transaction), was an immaterial variance between the allegation and the evidence. Section 126 of the Penal Code punishes the offering in evidence at a trial, proceeding, inquiry, or investigation, as genuine or true, any book, paper, *document,* record or other *instrument* in writing, knowing the same to have been forged or fraudulently altered or antedated.

The first information having been analyzed in the light of the statute, it sufficiently charged a violation of § 126. It was sufficient to allege the existence of a *written document* or *instrument* offered in evidence as genuine, with knowledge that it was fraudulently forged, altered or antedated. It was not necessary to state the number of that instrument or document or other details. As a question of reality, although notarial deeds are numbered, § 126 includes documents which ordinarily are not numbered. The essential fact is that it be a written document. Naturally, if only the existence of the document is alleged, defendant would have been entitled to obtain, through a bill of particulars, any additional information to identify such written document or instrument, but the

information would always be sufficient to charge that offense.

Except for the variance as to their number, the deed alleged to be false and the one identified in evidence were of the same date and executed before the same notary. Although it would seem quite improbable, perhaps it was not altogether impossible that a deed bearing No. 2 and another bearing No. 12 were executed the same day before Antonio J. Matta, but the district attorney made it clear in the course of the proceedings that deed No. 2 of that notary and of that date was not in his record. González had already testified that in the proceeding before the Planning Board defendant had delivered to him a deed of sale which he immediately offered in evidence, executed in Fajardo on February 17, 1958 under No. 12 of the protocol of Notary Antonio J. Matta. This deed No. 12, exhibit I of The People, was admissible in evidence in the first prosecution because the variance as to its number was insubstantial and the number or the date not being what was allegedly altered on the document. It was a mere case of an amendment to the allegation in order to conform it to the evidence, affording naturally to the defendant the usual protection in such cases, which the court actually afforded in connection with that amendment and with the other amendments proposed by the district attorney which was accepted.

If deed No. 12 was sufficient for a conviction in the second prosecution, it was also sufficient for a *legal* conviction in the first trial. Consequently, defendant was not only placed in jeopardy of conviction in the first cause but he was acquitted of the same facts for which he is now prosecuted.

There is another point in support of the dismissal, although the parties have not discussed it. Rule 2 of the Rules of Criminal Procedure of 1963 provides that they shall govern all proceedings pending at the time they took effect as long as their application is feasible and will not impair the substantial rights of the accused.

■ The information was filed on May 1, 1963 before the Rules went into effect. The motion to dismiss was filed, argued, and decided during the effectiveness of those Rules. Rule 64 permits the dismissal (e) on the ground that defendant has been convicted, or placed in jeopardy or acquitted of the offense charged. Unlike § 167, Rule 64(e) does not say whether or not the former conviction was based on variance or discrepancy between the information and the evidence. The omission may be explained in the light of the provisions of Rules 36, 38(a), (b) and (d), and 67.

Anyway, we have decided this case by applying to petitioner the most stringent norm of § 167. Even then, it is necessary to conclude that he was placed once in jeopardy of conviction for the offense now charged and, furthermore, that he was already acquitted of that offense.[4]

The order of the trial court refusing to dismiss the information in case No. G-63-652 will be set aside and the record remanded for definitive dismissal of this case.

---

[4] It is fair to say that possibly the trial court felt bound in law or otherwise restrained by the former decision of another superior judge who had regarded the variance as fatal, causing the acquittal. Where the cause is a new one and the contention a distinct one of constitutional origin, the trial court was not bound in law by the criterion of the former magistrate, nor would it have been incorrect or improper on its part to decide otherwise if in its opinion the former situation was not one of material variance. The trial court applied § 167 parting from the preceding assumption.