[Crim. No. 1645. First Appellate District, Division One.—December 19, 1931.]

THE PEOPLE, Respondent, v. GEORGE THOMPSON, Appellant.

Garth V. Lacey for Appellant.

U. S. Webb, Attorney-General, and Siebert Sefton for Respondent.

THE COURT.—It was charged in an amended information filed in the Superior Court of Monterey County that defendant on or about September 9, 1927, escaped from the county jail of that county, and that ever since the commission of the offense and until on or about March 1, 1931, he was out of the state. He was convicted of the offense, and has appealed from the order denying his motion for a new trial and from the judgment entered on the verdict.

He claims that the evidence was insufficient to sustain the implied finding that he remained out of the state sufficiently long to prevent the running of the statute which provides that an indictment or information for any felony other than murder, the embezzlement of public money or the falsification of public records must be found or filed within three years after its commission. (Pen. Code, secs. 800, 802.)

The evidence shows that he escaped on September 9, 1927, and was arrested and returned to jail in March, 1931. The original information was filed after this date and before April 17, 1931, when he was arraigned. The amended information was filed October 9, 1931, and the time which elapsed between the escape and the filing of this information was four years and one month.

It was testified that defendant admitted to certain officers that he left California immediately after the escape and went to Nebraska, where later he committed an offense and was confined in the penitentiary, further stating that he "was grabbed as soon as he lit in California".

The meaning of English words and phrases and of idioms of the vernacular language are proper subjects of judicial notice (10 Cal. Jur., Evidence, sec. 41, p. 717) ; and by his last statement defendant clearly meant that he

was arrested as soon as he arrived in California. Defendant having admitted that he left the state immediately after his escape, the presumption existed that his absence continued (*Estate of Dolbeer,* 149 Cal. 227, 250 [9 Ann. Cas. 795, 86 Pac. 695]; *Commonwealth* v. *Pollitt,* 25 Ky. Law Rep. 790 [76 S. W. 412]); and the presumption is made stronger by the circumstances attending his departure. We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence (*People* v. *Tom Woo,* 181 Cal. 316 [184 Pac. 389]); and the evidence fairly supports their conclusions.

The order and judgment are affirmed.