[Crim. No. 3663.   Second Dist., Div. Three.   June 9, 1943.]

THE PEOPLE, Respondent, v. FREDIS JAMES, Appellant.

Walter L. Gordon, Jr., for Appellant.

Robert W. Kenny, Attorney General, and Alberta Belford, Deputy Attorney General, for Respondent.

SHAW, J. pro tem.—Defendant was convicted of a charge of violating section 11160 of the Health and Safety Code, by having Indian hemp in his possession. He appeals from the judgment.

The principal point made on appeal is that the evidence is insufficient to show that the offense was committed within three years before the filing of the information, this being the statutory period of limitation for prosecutions for this offense. (Pen. Code, sec. 800.) This contention must be sustained. The information was filed December 26, 1941, and alleged that the offense charged was committed on December 13, 1941. ▮ The defendant's plea of not guilty put in issue this allegation of the information (*Rebstock* v. *Superior Court*, (1905) 146 Cal. 308, 311 [80 P. 65]; *People* v. *Allen*, (1941) 47 Cal.App.2d 735, 748 [118 P.2d 927]), ▮ and while the People were not required to prove the date exactly as alleged, the burden was on them of showing that the offense occurred within the period of limitation. (See *People* v. *McGee*, (1934) 1 Cal.2d 611, 613 [36 P.2d 378]; *People* v. *Allen*, (1941) 47 Cal.App.2d 735, 748 [118 P.2d 927]; note, 13 A.L.R. 1446, and cases cited.)

▮ We find but two references in the evidence to the date of the offense. Police Officer Moore testified that he arrested the defendant (apparently for some other offense) "on the 12th of December" and that at Newton police station defendant pulled from his pocket a cigarette which was shown by the testimony of another witness to contain an unlawful amount of Indian hemp. This was the only possession of Indian hemp shown. Police Officer Yoakim testified that he had a conversation with defendant "on December 13th about 4:30 p.m. at Central jail" in which defendant admitted that "he had a marijuana cigarette on him . . . the previous evening" when arrested. Neither of these officers mentioned any year, nor do we find anything in the record from which the year can be ascertained. The case was submitted to the trial court on the transcript of the evidence at the preliminary examination, and apparently that examination was con-

ducted in a perfunctory manner, without much attention to the details of the proof necessary. There is a tendency toward the trial of certain types of cases by this method. If it is a desirable practice it should be followed only in cases where the transcript has been carefully examined and found to present all of the material facts.

Respondent calls our attention to the fact that the cigarette, when introduced in evidence at the trial, was contained in a large envelope bearing on the outside, in two places, apparently as dates, the figures "12-13-41." The cigarette had been placed in this envelope and sealed at the time it was taken from defendant. The police chemist who testified to the contents of the cigarette testified that he got it, in this envelope, from the property clerk at a different police station from that where it was placed in the envelope. Respondent asks us to determine from the dates on the envelope that the offense was committed in 1941. But no witness was produced to show when the envelope was delivered to the property clerk, who placed these dates on the envelope, when it was done, or what relation, if any, the dates bore to the time when the cigarette was taken from defendant. We cannot give the dates the effect claimed for them.

■ Respondent also cites the fact that the preliminary examination was held on December 17, 1941, refers to the statutory provisions requiring a defendant to be taken before a magistrate without unnecessary delay after his arrest (Pen. Code, secs. 825, 859), and the examination to commence within five days thereafter (Pen. Code, sec. 860), and the presumptions that official duty has been performed and that the law has been obeyed (Code Civ. Proc., sec. 1963, subds. 15 and 33), and argues that the offense, which was committed at the time of defendant's arrest, must have occurred within the time limit above stated before the preliminary examination. But a defendant can have this time limit extended. (Pen. Code, secs. 861, 862.) It is also possible that he might escape from custody or abscond after being admitted to bail and thus the holding of the preliminary examination might be deferred indefinitely. There is nothing in the record to negative any of these possibilities.

We do not agree to appellant's contention that the cigarette whose contents were stated by the police chemist was not identified as that taken from defendant, but the identifica-

tion can probably be improved at another trial, and discussion of the point at this time is unnecessary.

The judgment is reversed and the cause remanded for a new trial.

Shinn, Acting P. J., and Wood (Parker), J., concurred.