[Crim. No. 3942. Second Dist., Div. One. Nov. 26, 1945.]

THE PEOPLE, Respondent, v. ALEX PLATNICK et al., Appellants.

Alex Platnick in pro. per., and Maurice A. Gleason for Appellants.

Robert W. Kenny, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

WHITE, J.—In an information filed by the district attorney of Los Angeles County defendants were accused of the crime of burglary. Defendant Platnick was also charged with a prior conviction of the offense of . burglary and the defendant Frabasilio with two prior felony convictions, one for the offense of burglary and the other for petty theft with a prior felony conviction. Motions made by each defendant to set aside the information under section 995 of the Penal Code were denied; they each entered pleas of not guilty and denied the prior convictions. Subsequently all prior convictions were duly admitted. Following trial before a jury each defendant was found guilty of burglary in the second degree. Their motion for a new trial was denied. From the judgment pronounced against them, as well as from the

order denying their motion for a new trial, defendants prosecute this appeal.

A brief was filed in this court by defendant Frabasilio, but none has been filed on behalf of defendant Platnick. He, however, has requested that his appeal be considered upon the brief filed on behalf of his codefendant.

Viewing the evidence in the light most favorable to the prosecution, as we are required to do following guilty verdicts, we find in the record evidence that on the night of February 27, 1945, Louis Mauro operated a cafe at 114 East Seventh Street in the city of Los Angeles. He closed and locked the place shortly after midnight. When he returned the following morning, at about 6:30 o'clock, two police officers were at his place of business. The back door and the window were broken and the lock on the store room door had been pried open, the lock being found on the floor. Several cases of assorted brands of whiskey and pinch-bottles of Scotch whisky, of the value of approximately $800, were missing, as was a Stromberg-Carlson radio, some eight or nine dollars in money, a hand drill and a pair of finger-nail clippers. About four days prior to the burglary Mr. Mauro had seen the defendants in his cafe, but they were not together.

On the night of the burglary two police officers who were patrolling the district in the vicinity of 15th and Main Streets, which is about eight blocks from the burglarized cafe, observed two taillights on an automobile in an alley. Upon investigation they saw two automobiles parked side by side in a parking lot adjoining 1836 South Main Street. Defendant Frabasilio was sitting in one of the cars, a Chevrolet coupe, and the defendant Platnick was standing with his elbow leaning on the window on the left side of the same coupe. The officers put their spotlight on the two vehicles, whereupon defendant Platnick started to walk away, but halted upon command of the officers. When one of the officers asked him where he was going, he said, "I have just parked my car and I am going home." At that time defendant Frabasilio stepped out of his car and disappeared between the two automobiles. He was found crouched down against the wall in front of the cars and came out upon command of the officers.

In defendant Platnick's car, which was a Ford sedan, the police officers found approximately sixteen cases of assorted

whiskies, a Stromberg-Carlson table model radio on the floor by the right front seat, two pairs of gloves, five pinch-bottles of Haig & Haig Scotch whisky, and a hand drill. The defendants denied knowing each other. On the person of defendant Platnick the officers found a pair of finger-nail clippers and in appellant Frabasilio's pocket they found a considerable amount of silver which defendant Platnick stated Frabasilio had won in a poker game.

The officer asked where he got the whiskey and Frabasilio said, "That belongs to Platnick, I don't know where he got it." In answer to the officer's query as to whether he had been with Platnick that night, defendant Frabasilio said he had not.

The whiskey found in defendant Platnick's car was brought to the police station and subsequently identified at the trial by the cafe proprietor as being his property, as were also the finger-nail clippers and the hand drill.

Neither defendant took the witness stand at the trial, nor did they present any testimony in their behalf.

The sole ground urged by appellants for a reversal of the judgment is that the evidence is insufficient to connect them with the commission of the crime charged; that when considered in its entirety the evidence does no more than raise a strong suspicion of guilt which, however strong, is not sufficient to sustain a verdict and judgment against them. (*People* v. *Draper*, 69 Cal.App.2d 781, 786 [160 P.2d 80].)

As to the appellant Platnick, the contention is without merit. The stolen property was found in his automobile, which he admittedly had driven into the auto park a short time after the burglary. ▊ While the mere possession of stolen property, unexplained by the defendant, is not of itself and standing alone sufficient to sustain a conviction of burglary, yet the possession of such stolen property is a circumstance which, taken in conjunction with other incriminating evidence, may be considered by the court or jury in determining the question of the guilt or innocence of a defendant charged with burglary. If the jury believed from the evidence that the property in question was stolen from the premises described in the testimony and was received into the possession of the defendant Platnick shortly after the theft thereof, the failure of the defendant to account for such possession or to show that such possession was honestly

obtained is a circumstance tending to prove his guilt; and in order to remove the effect of the possession as a circumstance, considered in connection with other suspicious facts disclosed by the evidence herein, such as the conduct of the defendant in attempting to hide upon the approach of the officers, the accused is bound to explain the possession.

In the instant case the defendant Platnick made no attempt, by his own testimony or otherwise, to contradict, explain or deny any of the incriminating circumstances shown against him; therefore, as provided by our state Constitution (art. I, § 13), the jury was entitled to consider these circumstances in determining his guilt. (*People* v. *McCabe,* 60 Cal.App.2d 492, 498 [141 P.2d 54]; *People* v. *Perry,* 14 Cal.2d 387, 395 [94 P.2d 559, 124 A.L.R. 1123]; *People* v. *Waller,* 14 Cal.2d 693, 702 [96 P.2d 344]; *People* v. *Dozier,* 35 Cal.App.2d 49, 57 [94 P.2d 598]; *People* v. *Ottey,* 5 Cal.2d 714, 722 [56 P.2d 193]; *People* v. *Warner,* 25 Cal. App. 751, 759 [145 P. 545].)

It is sufficient to say, without a further review of the facts, that the defendant Platnick was found in possession of the stolen property under circumstances which, in the absence of any explanation, justified the jury in concluding that he was a guilty party in the burglary charged against him.

As to the defendant Frabasilio, there is in the record evidence that he was seated in his automobile while his codefendant was standing on the left side thereof, "with his elbow leaning on the window on the left side of the car." Upon the approach of the officers defendant Frabasilio "stepped out of his car and disappeared from sight between the two cars." He was found "crouched down between the two cars." The cafe proprietor testified that eight or nine dollars in silver and three dollars in currency were taken from his establishment in the burglary, and when the officers searched defendant Frabasilio they found in his right hand side trousers pocket "approximately nine dollars in silver and three one-dollar bills." This defendant also had forty-three dollars additional on his person, but that was in his billfold. When interrogated by the officers as to whether they were acquainted with each other, each defendant denied knowing the other, although defendant Frabasilio stated to the officers that the stolen property belonged to his codefendant, while the latter stated that the money found in

defendant Frabasilio's pocket was won by him in a poker game. Also significant to show the association of the defendant Frabasilio with his codefendant on the night in question is what transpired between the former and Officer Smith in a conversation on the way to the police station, wherein the officer said, ''Why don't you tell us where you got that whiskey. . . . After all, we have been tailing you for quite a while,'' and to which defendant Frabasilio replied, ''I know that, we saw you over at 12th and Wall Streets.''

Appellant Frabasilio insists that inasmuch as none of the stolen property was found in his personal possession the evidence fails to disclose any circumstance whatever tending to connect him with complicity in the commission of the crime of burglary. As heretofore pointed out, this defendant had in his trousers pocket money which both in amount and denomination was similar to that taken in the burglary. However, though it be conceded that none of the property positively identified as having been taken in the burglary, such as the whiskey, was found in the personal possession of defendant Frabasilio, nevertheless the fact that this property was found in the possession of his codefendant, under all the circumstances developed against both men through the evidence, unexplained, must be held to constitute an inculpatory, as well as a relevant, material circumstance against the defendant Frabasilio, to which, after comparing and considering it with all the other proven circumstances in the case, the jury could accord such weight in the proof of guilt as in their judgment it was entitled. Upon the record before us it must be held that the jury was warranted in arriving at the conclusion that the crime charged in the information was the consummation of the combined or joint action of both defendants.

The judgment and the order denying a new trial as to each defendant is affirmed.

York, P. J., and Doran, J., concurred.