[Crim. No. 4471. Second Dist., Div. One. Aug. 31, 1950.]

THE PEOPLE, Respondent, v. SHIRLEY CUNNINGHAM, Appellant.

Walter L. Gordon, Jr., for Appellant.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with the crime of grand theft from the person, alleged to have been committed on or about the 23d day of September, 1949.

Trial by jury was duly waived and the cause was submitted to the court on the transcript of the proceedings had at the preliminary examination.

The court adjudged the defendant guilty as charged in the information. Motion for a new trial was denied. From the judgment of conviction defendant prosecutes this appeal.

Epitomizing the facts which gave rise to this prosecution, the record reflects that the complaining witness, a housewife, saw the defendant at a department store in the city of Los Angeles. It was about 2 o'clock in the afternoon. Complaining witnes had her purse along with her and inside the purse was a coin purse containing $24 (two $10 bills and four $1.00 bills). While in the store the larger purse was closed. She did not open her purse while she was in the store. Defendant and another woman bumped into the complaining witness, the

defendant being next to the latter. They were side by side for about five minutes when defendant left. When the complaining witness was about to pay a saleslady for a purchase she found that her purse was open and the coin purse had been abstracted therefrom. She instituted a search for the defendant and finally found her in an adjacent department store. Following the defendant out of the store the complaining witness approached her and asked if defendant had been in Grant's store with her, telling her also that the witness's coin purse was missing. The complainant asked defendant if she had it and the latter answered that she did not, at the same time exhibiting her own purse. At that point the complaining witness saw her purse beneath the blouse of the defendant; it was partly caught in defendant's brassiere and partly showing. The complainant directed the attention of the defendant to the purse and the latter denied that it belonged to the former. Complaining witness retrieved it. Thereupon police officers arrived and the defendant said to the complaining witness, "What do you want now that you have your purse?" When she obtained her purse from the defendant, complaining witness noticed that there was $80 in it. When the defendant took the purse out of her blouse a $10 bill dropped to the sidewalk. She was arrested at that time.

The complaining witness was at the store with her "little girl." The purse was hanging on the complaining witness's arm. Defendant was a total stranger to the complainant.

A police officer testified that he had a conversation with the defendant regarding the accusation made against her. The conversation took place at the Lincoln Heights Jail on September 26th at 11 a. m. Defendant told the officer that she offered the complaining witness her purse and money back but that the complaining witness was not satisfied. Defendant admitted that she had been a professional pickpocket all her life. When asked how the complaining witness's purse got in her brassiere, defendant answered, "I'm not going to cop out to you about that." Defendant did not take the witness stand in her own behalf nor was any testimony offered in her defense.

■■ Appellant's sole contention is that the evidence is insufficient to show that the offense was committed within three years prior to the filing of the information, which is the statutory period of limitations for prosecutions for this offense (Pen. Code, § 800). The provisions of the code section just cited require that the information must be filed within three years after the alleged commission of the offense. In the

instant case the information was filed within three years of the date when the crime was alleged to have been committed for it is therein alleged that the offense was committed on or about September 23, 1949, and the information was filed on October 14, 1949. However, it must be conceded that appellant's plea of not guilty put in issue this allegation of the information, and while the People were not required to prove the date as alleged with exactness, the burden rested upon them to show that the offense took place within the period of limitation (*People* v. *James*, 59 Cal.App.2d 121, 122 [138 P.2d 30]).

In the case now engaging our attention the only specific dates shown in the testimony are ''Friday, September 23,'' testified to by the complaining witness on direct examination, and ''September 26th,'' supplied by a police officer who interrogated appellant following her arrest.

The year of the offense not being shown in the testimony would appear to bring this case within the principles announced in *People* v. *James, supra*. However, a critical examination of the record reveals that on cross-examination of the complainant the following occurred:

''By Mr. Bernay:

''Q. *On this day in question,* you were in Grant's Department Store? A. This lady here?

''Q. You were in Grant's Department Store? A. Yes, I was there.

''Q. What time was it? A. About 2 o'clock.

''Q. Were you there alone or were you with someone? A. *I was with my little girl.*

''Q. *How old is she?* A. *She is six.*

''Q. You were shopping in Grant's Department Store? A. Yes, sir. I was going to.

''Q. When and where did you first see the defendant? A. There at Grant's.'' (Emphasis added.)

The plea of not guilty put the specific date, September 23, 1949 in the issue. The complaining witness testified that the offense occurred ''on this day in question.'' The only ''day in question'' was the day ''in issue.'' The term ''in issue'' is synonymous with the term ''in question.'' In Webster's Unabridged Dictionary, Second Edition, 1942, at page 1319, the following definition is given:

''—at or in issue. In controversy, at variance; disputed; *in question.*'' (Emphasis added.)

Appellant did not challenge the correctness of the date put ''in issue'' by the information.

 There is another circumstance in evidence which gives reasonable support to an inference that the offense was proven to have been committed on Friday, September 23, 1949. The preliminary examination was held on Friday, September 30, 1949. At the time of said preliminary hearing the age of the daughter of the prosecutrix was, according to the latter's testimony, "six." Since her daughter accompanied the complainant to Grant's store on the day of the alleged theft it follows that the offense occurred at least within six years and two weeks prior to October 14, 1949, the date of the filing of the information. Courts may draw inferences predicated on judicial notice taken of calendar dates of the week on which days fall and related astronomical dates as contained in scientific works (Code Civ. Proc., § 1875, subd. 8; *People* v. *Malone*, 213 Cal. 406, 407 [2 P.2d 332]; *People* v. *Mayes*, 113 Cal. 618, 624-627 [45 P. 860]; *People* v. *Chee Kee*, 61 Cal. 404; *In re Whitlatch*, 60 Cal.App.2d 189, 193 [140 P.2d 457]; *Hiner* v. *Olson*, 23 Cal.App.2d 227, 235 [72 P.2d 890, 73 P.2d 945].)

An examination of the calendar for the year 1949 shows that September 23d was a Friday. There was no Friday, September 23d, in any year within six years and two weeks prior to October 14, 1949, the date when the information was filed. In fact, the last preceding year in which September 23d fell on a Friday was the year 1938. The following chart indicates the day of the week on which September 23d fell for the years 1938 through 1949:

| DATE | DAY OF WEEK | |
|---|---|---|
| September 23, 1938 | Friday | *p. 17 |
| September 23, 1939 | Saturday | p. 11 |
| September 23, 1940 | Monday | p. 21 |
| September 23, 1941 | Tuesday | p. 14 |
| September 23, 1942 | Wednesday | p. 15 |
| September 23, 1943 | Thursday | p. 16 |
| September 23, 1944 | Saturday | p. 26 |
| September 23, 1945 | Sunday | p. 12 |
| September 23, 1946 | Monday | p. 13 |
| September 23, 1947 | Tuesday | p. 14 |
| September 23, 1948 | Thursday | p. 24 |
| September 23, 1949 | Friday | p. 17 |

(*The page numbers are references to the applicable pages in *The Perfect Calendar* by Henry Fitch, Rev.Ed., 1930, Funk and Wagnalls Co., New York and London. The above dates may also be verified by reference to the chart found in *The World Almanac and Book of Facts*, New York World-Telegram, N.Y., N.Y., 1950, at page 811.)

The preliminary hearing was held on Friday, September 30, 1949, so that the record itself reveals that September 23, 1949, also fell on a Friday.

The only reasonable conclusion possible in this case is that the date of the offense was established as September 23, 1949.

The daughter of the prosecutrix who was with her on the date and at the time of the alleged offense being 6 years of age on September 30, 1949, when the preliminary examination was held, could not have been with the mother on a "Friday, September 23" other than in the year 1949, because during the lifetime of the 6-year-old daughter, September 23 came on a Friday only in the year 1949.

Furthermore the meaning of the statement "six" was for the trier of fact. The meaning of English words and phrases and of idioms of the vernacular language are proper subjects of judicial notice, and the court was entitled to infer that when one states the age of a person without naming the time unit involved, such designation refers to the number of years of age, that if any other designation of time is intended it is usually stated with particularity, such as "six weeks" or "six months." The court was justified in concluding that when the complaining witness in answer to the question concerning her daughter's age "How old is she?" replied, "She is six" that the witness clearly meant that her child was 6 years of age (Code Civ. Proc., § 1875, subd. 1; *Clarke* v. *Fitch,* 41 Cal. 472, 477; *Estate of Winzeler,* 42 Cal.App.2d 246, 249 [108 P.2d 720] ; *People* v. *Thompson,* 119 Cal.App. 310, 311, 312 [6 P.2d 301] ). The same conclusion is inescapable even though, as appellant urges, the complaining witness in testifying to the age of her daughter as "six" may have meant "six weeks," or "six months." In either event, the child could have been with her mother on a September 23d only in the year 1949.

The question presented is whether under all the circumstances of the case, there was sufficient evidence to warrant the trial judge in concluding that the crime was committed in the year 1949, and we think it was sufficient. Proof of the appellant's guilt was overwhelming, in fact it was demonstrated by testimony, including her own admissions. The testimony and inferences to be drawn therefrom, coupled with facts which the court was entitled to take judicial notice of, was enough to satisfy the trier of fact that the date of the offense was that charged in the information. Considering all the evi-

dence and circumstances of the case, there could hardly be any reasonable doubt that the offense was committed on or about September 23, 1949 (*People* v. *McGregar,* 88 Cal. 140, 143, 145 [26 P. 97]; *In re Application of O'Connor,* 80 Cal.App. 647, 653 [252 P. 730]; *People* v. *Bastio,* 55 Cal.App.2d 615, 617 [131 P.2d 614]; *People* v. *Vicencio,* 71 Cal.App.2d 361, 363, 364 [162 P.2d 650]).

Finally, it should be said that the foregoing authorized inferences which support the judgment of conviction, while sufficient in themselves (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]), are strengthened by the fact that the appellant made no attempt by her own testimony or otherwise, to contradict, explain or deny any of the incriminating evidence and circumstances shown against her. Therefore, as provided by our state Constitution (article I, § 13), the trial judge was entitled to consider these circumstances in determining appellant's guilt (*People* v. *Adamson,* 27 Cal.2d 478, 486, 491 [165 P.2d 3]; *People* v. *Platnick,* 71 Cal.App.2d 767, 771 [163 P.2d 766]). What we have herein stated in no way militates against the holding in *People* v. *James, supra.* The facts and circumstances surrounding that case are easily distinguishable from the factual situation presented in the case at bar.

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.