[Crim. No. 4506.   Second Dist., Div. Three.   Oct. 24, 1950.]

THE PEOPLE, Respondent, v. ARCHIE D. AMY, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and Gilbert Harelson, Deputy Attorney General, for Respondent.

VALLÉE, J.—The defendant was charged in two counts of an information with having violated Penal Code, section 288. He was convicted by the court sitting without a jury on both counts. He appeals from the judgment.

Defendant's stepdaughter, 12 years of age, testified that he committed the offense upon her about 12 times. Defendant claims the testimony of the stepdaughter does not prove his

guilt beyond a reasonable doubt. The claim is based upon the assertion that her testimony "discloses many inconsistencies and statements which are unworthy of belief." The story of the child was coherent and consistent. While there are minor discrepancies between her testimony at the preliminary examination and at the trial, she told substantially the same story at both hearings. ■ The effect of the claimed inconsistencies and statements said to be unworthy of belief, the credibility of the child, and the weight to be given her testimony were for the trial judge. (*People* v. *Westek,* 31 Cal.2d 469, 472 [190 P.2d 9] ; *People* v. *Munoz,* 97 Cal.App.2d 432, 436 [218 P.2d 122] ; *People* v. *Neal,* 97 Cal.App.2d 668, 673 [218 P.2d 556].) We cannot say, as a matter of law, that the story of the child is inherently improbable in its vital particulars.

Count one charged that one offense was committed on June 20, 1949. Count two charged that one was committed on December 23, 1949. Defendant claims that "there was a failure to prove a specific act on a specified date as charged." The child testified that the first act occurred while she was on summer vacation from school in 1949 ; summer vacation started in June ; she did not know how long it was after vacation began but it was about a month ; she did not know the date. She testified that the second act charged occurred on a day when her mother went to the beauty shop about two weeks before Christmas, around the 10th or 15th of December, 1949, a little time before Christmas, almost a week before. The mother of the child testified that she went to the beauty shop a week or two before Christmas.

■ The burden was on the People to prove that the offenses occurred within the period of limitation but they are not required to prove the date with exactness. (*People* v. *James,* 59 Cal.App.2d 121, 122 [138 P.2d 30].) ■ A variance is immaterial unless time is of the essence of the offense. (*People* v. *Moranda,* 87 Cal.App.2d 703, 704 [197 P.2d 394].) "An immaterial variance should be disregarded [citations]. The test of the materiality of a variance is whether the indictment or information so fully and correctly informs the defendant of the criminal act with which he is charged that, taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense." (*People* v. *LaMarr,* 20 Cal.2d 705, 711 [128 P.2d 345].) The rule is

reiterated in *People* v. *Williams,* 27 Cal.2d 220, 226 [163 P.2d 692], the court adding that on a plea of double jeopardy, extrinsic evidence is admissible to identify the crime of which a defendant has been convicted. An objection on the ground of variance between the pleading and the proof cannot be made for the first time on appeal where defendant was not injured or prejudiced by the variance. (*People* v. *Yachimowicz,* 57 Cal.App.2d 375, 380 [134 P.2d 271].)

The information was filed February 1, 1950. The offenses were committed within the applicable period of limitation. (Pen. Code, § 800.) It is evident that any variance in the present case was not material. Defendant was not injured or prejudiced thereby. He was not misled in making his defense. He did not attempt to prove an alibi as to either of the dates charged. His defense was a denial of ever having committed any unlawful act on the child. He is not in danger of double jeopardy. (See *People* v. *Powell,* 34 Cal.2d 196, 208 [208 P.2d 974].) He did not make the point in the trial court.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.