[Crim. No. 2914.   Third Dist.   Sept. 8, 1959.]

THE PEOPLE, Respondent, v. HARRY MOORE,
Appellant.

John E. Barbeau, under appointment by the District Court
of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Lloyd
Hinkleman, Deputy Attorneys General, for Respondent.

PEEK, Acting P. J.—Defendant appeals from a judgment of conviction following a jury verdict finding him guilty as charged in an information on four counts of violation of section 647a, subdivision (1) of the Penal Code, and with one count charging a prior violation of the same section for which he served a term of imprisonment. The prior offense was admitted.

At defendant's request counsel was appointed to represent him on the appeal. The attorney so appointed made an examination of the record, discussed the case with defendant's trial counsel and personally conferred with defendant. Thereafter he filed with this court a statement, a copy of which was served on defendant, wherein he has reviewed the evidence and concluded there is no merit in the appeal. Following the filing of such statement the defendant submitted a document entitled ''Brief'' wherein he makes what appear to be five separate contentions: (1) that the evidence is insufficient to sustain the judgment of conviction; (2) that there is a fatal variance in the pleading and the proof in that the information charges two specific dates on which the violations occurred, while the proof did not establish with certainty that such violation did in fact occur on the precise date charged; (3) that the district attorney committed prejudicial error in his closing argument to the jury; (4) that defendant has additional evidence to present to the court; and (5) that defendant was subjected to irregularities during the course of his arrest. We have examined the record thoroughly in view of the contentions made and conclude, as did counsel, that the appeal is wholly without merit.

The record discloses ample evidence to sustain the verdict of the jury. There was testimony by the two young boys involved that on two separate occasions during the month of April, 1958, the defendant committed the acts denounced by the section in question. Although the defendant did not take the stand himself, he introduced testimony of three witnesses by which he sought to establish an alibi concerning his whereabouts during the period in question. Even assuming the validity of his alibi, this merely presented to the jury a conflict in the testimony which was for it to resolve.

Again assuming that there was a variance between the pleading and proof of the exact dates of the commission of the offenses, it cannot be said that such variance was fatal. The two young boys involved testified that prior to these proceedings they had seen the defendant in the area; that

they were not sure of the month of the year or the exact date but that it had occurred between the Easter school vacation and the summer vacation. A further witness for the State testified she had observed the defendant in the place in question with three children on or about the date charged. ■ While it is true that the prosecution must prove that the offense occurred within the statutory period of limitation (*People* v. *Amy,* 100 Cal.App.2d 126 [223 P.2d 69]), it is not required to prove the date with exactness. ■ Here the record shows that the information was filed on May 29, 1958. The evidence established that the offenses charged therein were committed within the applicable period of limitation. (See Pen. Code, § 800.) Thus if it may be said that there was a variance, it was not so material as to have injured or prejudiced the defendant, nor is any contention made in this regard. Furthermore no question was raised nor objections made on this ground at the time of the trial.

■ The issues raised by the remaining contentions of defendant do not appear in the record on appeal and hence may not be considered. (*People* v. *Leon,* 152 Cal.App.2d 49 [312 P.2d 736].)

The judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.