[Crim. No. 6710.   Second Dist., Div. Three.   July 29, 1960.]

THE PEOPLE, Respondent, v. KENNETH THOMAS ISAAC, Appellant.

Kenneth Thomas Isaac, in pro. per., for Appellant.

No appearance for Respondent.

THE COURT.—Kenneth Thomas Isaac and Richard Vasquez were accused by information of grand theft, consisting of the theft of aluminum ingots of the value of $4,864.40 from Triple A Metalcraft Corporation. Vasquez pleaded guilty; Isaac pleaded not guilty. In a nonjury trial Isaac was adjudged guilty and was sentenced to state prison. He appeals from the judgment in propria persona.

For a variety of reasons urged by appellant in a flood of communications received from him from the prisons in which he has been incarcerated, his time for filing an opening brief was extended for more than a year. He has filed a comprehensive brief.

Appellant advances nine reasons for reversal of the judgment. All are wholly lacking in merit and only three relate to legitimate grounds of appeal. They are a claim of insufficiency of the evidence of guilt, unlawful discovery of the stolen property and claimed denial of the assistance of counsel at the trial.

At the trial appellant was represented by a deputy public defender. ■■■ There was evidence of the following facts. A large number of aluminum ingots with a value of $4,864.40, the property of Triple A Metalcraft Corporation in Los Angeles, were stolen. Charles A. Foster, a police officer of the city of Vernon, halted a speeding automobile, the rear end of which was almost dragging on the ground. The driver, one Frank Cruz, had no operator's license and was not the owner of the car. There were three passengers, including Vasquez and Isaac. In plain sight in the car were 6 aluminum ingots and in the trunk of the car 22 of the same type. Isaac stated that he did not know where the ingots came from. After further questioning by the officers the four occupants of the car were arrested on suspicion of theft. Officer Maraist of the Los Angeles Police Department interviewed Vasquez and Cruz in the presence of Isaac. Vasquez stated that he and Isaac had stolen a load of ingots and had taken them to Isaac's house. Several times when questioned whether Vasquez' account of the theft was true appellant stated that it was correct; he had asked two other persons to transport the ingots to a junk yard for sale, and that they were being so transported at the time of the arrest. The statements of Vasquez and Isaac were made voluntarily. Officer Arabian questioned Isaac with respect to his home address. Isaac stated that he wanted to tell the officer where the rest of the ingots were; he gave the officer his sister's address; at that address the officer found 18 more ingots in a shed in the yard. All the ingots in question were of a special type and bore marks from which they were identified by witnesses as the property of Triple A Metalcraft Corporation. Isaac did not testify and no evidence was introduced on his behalf.

It is clear from the foregoing statement of the evidence that it is futile to contend that it was legally insufficient to establish defendant's guilt. Any other conclusion would have been unreasonable. ■■■ Equally ineffective is the argument that the discovery and seizure of the stolen property was illegal. The automobile was being driven at excessive speed; it was halted and the occupants were questioned about the heavy

load of ingots, possession of which they could not explain; the stolen property was in plain sight of the officers who had sound reason for believing that the four persons were in possession of stolen property. The failure of the officers to arrest them would have been a dereliction of duty.

■ The information was filed November 26, 1958; the public defender was appointed to represent Vasquez and Isaac; December 8th, the trial of Isaac was set for January 13th; he was released on bail. At the time of trial, Deputy Public Defender Brown stated to the court that defendant had been on bail for some time but that he, Brown, had been unable to contact him; Isaac telephoned the public defender's office on one occasion but left no address or telephone number. Mr. Fiscus, an attorney, stated to the court that within the past few days he had been contacted by Isaac and had agreed to appear and be substituted as his attorney; he had not been informed that the case was set for trial, but believed that Isaac was to appear only for arraignment or plea; he had not been furnished with a copy of the preliminary transcript. He requested a continuance, and the same was denied. Trial was continued from 9:15 to 10:45 a.m. of the same day in order that Mr. Brown might confer with defendant; at 10:45 Mr. Brown answered that defendant was ready for trial and the court directed that the trial proceed. Thereupon the parties waived trial by jury.

There was no improper denial of the right to representation by counsel of defendant's choice. Forty-eight days had elapsed between the date of the filing of the information and the trial date. Defendant offered no excuse for his failure to make arrangements to be represented by private counsel, and he gave no reason for objecting to representation by Mr. Brown.

It is apparent from the record that when Mr. Brown announced that defendant was ready for trial he had learned that defendant had no affirmative defense to offer and that his only hope of acquittal lay in the chance that the evidence of the State might prove to be insufficient.

Although the defendant had no affirmative defense to offer he had as great a right to representation, and was probably as much in need of it as he would have been if he intended to testify and produce witnesses in his defense.

Throughout the trial defendant had competent representation by Mr. Brown. The People's witnesses were vigorously cross-examined; objection was made to proof of the conversations of the officers with Isaac upon the ground that the corpus

delicti had not been established; it was also argued that there was insufficient evidence that the ingots that were recovered were those that had been stolen. No one could have made more valiant efforts on behalf of defendant in what was a hopeless case. Defendant had a fair trial and was justly convicted.

The judgment is affirmed.

A petition for a rehearing was denied August 17, 1960, and appellant's petition for a hearing by the Supreme Court was denied September 20, 1960.