[Crim. No. 7689. Second Dist., Div. Three. Sept. 13, 1961.]

THE PEOPLE, Respondent, v. JAMES THOMAS RUSSELL, Appellant.

530

James Thomas Russell, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Nat A. Agliano, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant with a codefendant, William Briggs, was accused by information of the crime of burglary. In addition, the information charged defendant with three prior felony convictions. Defendant was represented by a deputy public defender. He denied guilt and the prior convictions. A jury trial was waived and by stipulation the cause was submitted on the testimony at the preliminary hearing, with the right to offer additional evidence. No evidence was presented on behalf of the defense. The court found defendant and his codefendant Briggs guilty, found the burglary to be of the second degree and that Russell had

suffered the former convictions. Probation was denied. A motion for a new trial was denied and defendant was sentenced to state prison. Russell appeals in propria persona from the judgment.

Defendant applied for appointment of counsel on the appeal. We read the record and denied the application for the reason that the appeal is obviously without semblance of merit, as will hereinafter appear.

Defendant has filed comprehensive briefs in which he urges reversal on the grounds of insufficiency of the evidence, that the evidence introduced against him was obtained by illegal search and seizure, and that he was deprived of a jury trial in the determination of the prior convictions.

 Evidence adduced at the trial showed that the building occupied by Paul's Duck Press, a restaurant located in Los Angeles, was entered some time between 10 p. m. on September 4 and 11 a. m. on September 5. Entrance was gained through an exhaust vent in the kitchen ceiling and at least three cases of liquor were stolen.

At approximately 1 a. m. on September 5, police officers patroling the area observed an automobile emerging from an alley immediately adjacent to the burglarized premises. The officers noticed that the car's rear end hung low, indicating excess weight in the trunk. The rear license plate was not illuminated. As the car went over some railroad tracks the trunk lid flew open and one officer observed several cases of liquor therein. The car stopped, defendant and his codefendant got out and walked to the rear. Briggs displayed his driver's license upon request of the officers and he was then asked what was in the trunk. Briggs attempted to lock the trunk, but desisted when the officer again asked the question. Briggs raised the trunk lid displaying six cases and three bottles of Ballentine Whiskey. Briggs said he was looking for his mother's home. Relative to the liquor in the trunk he stated he was delivering it to a Hollywood liquor store for a Mr. Tucker. Defendant stated that he was helping Briggs deliver the whiskey. He was unable to tell the officer the address of the liquor store from which the liquor had come. He also told the officer that he knew he need only tell them his name and address, and that anything else he told them might incriminate him. Some of the liquor in the trunk of the car was identified as that taken from Paul's Duck Press restaurant. A microscopic examination of paint particles taken

from the interior of the burglarized premises disclosed that they were similar to paint particles on Briggs' clothing.

This evidence was sufficient to prove that defendant actively participated in the burglary. (*People* v. *Rosenberg,* 170 Cal. App.2d 600, 605 [339 P.2d 143].)

In a prosecution for burglary the evidence on which a conviction is based may be purely circumstantial. It rarely happens that an offense of this nature can be proved by witnesses who saw the defendant in the act. (*People* v. *Murphy,* 173 Cal.App.2d 367, 373 [343 P.2d 273].)

Defendant's failure to explain any of the incriminating circumstances shown weighed against him in the determination of his guilt. (*People* v. *Platnick,* 71 Cal.App.2d 767, 771 [163 P.2d 766].)

In rejecting defendant's contention that the incriminating evidence was obtained as the result of an unlawful search and seizure we need not repeat it. All the circumstances were clearly sufficient to give the officers reasonable cause to make an arrest and to seize the liquor as an incident thereto. (*People* v. *Isaac,* 183 Cal.App.2d 375, 378 [6 Cal. Rptr. 407].)

At the inception of the trial defendant personally, together with his counsel, waived a jury trial. At the close of the trial, defense counsel and the prosecuting attorney stipulated to a waiver of a jury with reference to the prior convictions. Defendant now contends that he was deprived of a jury trial on the issue of the prior convictions since he did not join in the latter waiver.

It is settled that where a defendant waives a jury trial he is deemed to have consented to a trial of all of the issues in the case before the court sitting without a jury.

Penal Code section 1158 provides: "Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction."

In *People* v. *Collins,* 117 Cal.App.2d 175, 183 [255 P.2d 59], the court stated: ". . . appellant contends that he should have had a separate jury impaneled to try his alleged prior conviction. Such is not the law. 'The whole spirit and intent of these statutes appear to be that a prior conviction charge is to be determined solely as one of the issues in the trial for

the new offense.' (*People* v. *Ysabel*, 28 Cal.App.2d 259, 263 [82 P.2d 476].)''

The judgment is affirmed.

Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 8, 1961.