Filed 12/23/20  P. v. Pineda CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>PEDROS ROJAS PINEDA,<br><br>　　　Defendant and Appellant. | B300928<br><br>Los Angeles County<br>Super. Ct. No. KA116196 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge. Affirmed.

Stephen Temko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Roberta L. Davis and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Appellant and defendant Pedro Rojas Pineda was convicted of sexual intercourse with a child ten years old or younger, sexual penetration of a child ten years old or younger, and indecent exposure with a prior such conviction. The child was his daughter. He was sentenced to a term of 40 years to life in state prison.

On appeal, Pineda argues: (1) the evidence was insufficient to support his sexual intercourse and penetration convictions; (2) the trial court erred by admitting testimony regarding his daughter's report of abuse to her friend; and (3) the trial court erred by imposing separate punishments for his sexual intercourse and penetration convictions. Because his arguments are meritless, we affirm.

# PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an information charging Pineda with sexual intercourse or sodomy with a child ten years old or younger (Pen. Code, § 288.7, subd. (a);[1] count one), oral copulation or sexual penetration of a child ten years old or younger (§ 288.7, subd. (b); count two), and indecent exposure with a prior such conviction (§ 314, subd. (1); counts three, four, and five).

In bifurcated proceedings, Pineda waived his right to a jury trial regarding his prior indecent exposure conviction and

---

1      All undesignated statutory references are to the Penal Code.

requested a bench trial on the issue. The trial court found Pineda sustained such a conviction in May 2015. The jury found Pineda guilty on all counts except count three, on which it was unable to reach a verdict. Thereafter, the trial court granted the People's motion to dismiss count three.

The trial court sentenced Pineda to 40 years to life in state prison, consisting of a term of 25 years to life on count one and a term of 15 years to life on count two. The trial court also sentenced Pineda to two two-year middle terms on counts four and five, both of which were to run concurrently with his prison terms on counts one and two. The court further ordered Pineda to pay a $300 restitution fine. The court also imposed various other fines and fees but either waived or stayed payment.

Pineda appealed.

## FACTUAL BACKGROUND

Pineda's daughter, who for privacy purposes we will refer to by the fictitious name of "Jane," was born on January 15, 2007. In 2017, Jane lived in a two-bedroom apartment located in El Monte with Pineda, her mother, her uncle, and her four brothers.

On September 3, 2017, Jane was playing with the neighbor's children, two sisters who for privacy purposes we will refer to as "J" and "A." While playing with J and A, Jane saw Pineda take his penis out of his pants and show it to J and A. At that point, the girls left and told J and A's mother what had happened.

Seeing Pineda expose himself to her friends also prompted Jane to tell their mother that Pineda had been touching her inappropriately. Later that evening, J and A's mother told Jane's

3

mother what Jane had told her. At that point, Jane's mother and the neighbor girls' mother decided to take Jane to the doctor. Following a visit to the doctor that evening, they went to the police.

At the police station, Jane spoke to El Monte Police Department Officer Chris Frey. She told Officer Frey that Pineda sexually molested her four times in the past two weeks, and that he last touched her two days before. In describing the most recent incident of inappropriate touching, Jane stated she was asleep when she "woke up and noticed that [Pineda] had his hands down her underwear and . . . had inserted one or two fingers into her vagina."

Pineda was arrested at his sister's apartment in the early morning hours of September 4, 2017.

Following Pineda's arrest, Detective Jacob Burse spoke with Jane. Jane related Pineda sexually molested her on multiple occasions by digitally penetrating her vagina and inserting his penis into her vagina.

## DISCUSSION

### I.    Sufficiency of the Evidence

Pineda contends his convictions on counts one and two are unsupported by substantial evidence. Specifically, he argues the prosecution failed to prove the offenses occurred in the timeframe alleged in the information, i.e., on or between August 13 and September 1, 2017. The Attorney General responds the prosecution was only required to prove Pineda committed the offenses within the applicable ten-year limitations period, as time is not a "material ingredient" of those crimes. (See *People v.*

4

*Garcia* (2016) 247 Cal.App.4th 1013, 1022 (*Garcia*).) The Attorney General therefore contends that because the evidence demonstrates Pineda used his penis and fingers to penetrate Jane's vagina sometime between late 2016 and September 2017, his convictions on counts one and two are supported by substantial evidence. We agree with the Attorney General and reject Pineda's substantial evidence challenge.

Section 288.7, subdivision (a) provides: "Any person 18 years of age or older who engages in sexual intercourse . . . with a child who is 10 years of age or younger is guilty of a felony[.]" Section 288.7, subdivision (b) provides: "Any person 18 years of age or older who engages in . . . sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony[.]" Per section 289, subdivision (k)(1), "'[s]exual penetration' is the act of causing the penetration, however slight, of the genital . . . opening of any person . . . by any foreign object, substance, instrument, or device, or by any unknown object."

In *People v. Jones* (1990) 51 Cal.3d 294 (*Jones*), our Supreme Court set forth the "minimum quantum of proof necessary to support a conviction" for crimes involving sexual abuse of a child. (*Id.* at p. 314.) The Court stated: "The victim, of course, must describe *the kind of act or acts committed* with sufficient specificity, both to assure that unlawful conduct indeed has occurred and to differentiate between the various types of proscribed conduct (e.g., lewd conduct, intercourse, oral copulation or sodomy). Moreover, the victim must describe the *number of acts* committed with sufficient certainty to support each of the counts alleged in the information or indictment (e.g., 'twice a month' or 'every time we went camping'). Finally, the victim must also be able to describe *the general time period* in

5

which these acts occurred (e.g., 'the summer before my fourth grade,' or 'during each Sunday morning after he came to live with us'), to assure the acts were committed within the applicable limitation period. Additional details regarding the time, place or circumstance of the various assaults may assist in assessing the credibility or substantiality of the victim's testimony, but are not essential to sustain a conviction." (*Id.* at p. 316.)

"In reviewing a sufficiency of evidence claim, the reviewing court's role is a limited one. "'The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]'" [Citations.]" (*People v. Smith* (2005) 37 Cal.4th 733, 738-739.)

Applying these principles, we conclude substantial evidence supports the jury's finding that Pineda was guilty of sexual intercourse with and sexual penetration of a child ten years of age or younger. Jane testified Pineda first touched her inappropriately when she "was nine, and . . . about to turn 10." He also touched her sexually after she turned ten years old. Further, Jane told Officer Frey that Pineda sexually molested her four times in the two weeks leading up to her interview on September 3, 2017, and that he inserted his fingers into her vagina two days before.

Jane testified that she slept on the floor in the same room with her mother, father, and four brothers. At night, while Jane's mother was at work and her brothers were asleep, Pineda would

6

grab her by the ankles while she was lying on the ground, pull her to his side, and insert his fingers or his penis into her vagina, causing her pain. She testified Pineda inserted his penis in her vagina more than two times, but did not know whether there were more than five incidents. Her testimony made it clear Pineda touched her with his fingers more than once, but she did not recall how many times this took place. Jane described in detail how Pineda would touch her inappropriately with his fingers and penis.

On this record, we conclude the evidence adequately set forth the kind of acts committed (sexual intercourse and digital penetration), the number of acts committed to support each of the counts alleged (intercourse more than twice, digital penetration at least once), and the general time period in which the acts occurred (shortly before Jane's tenth birthday and continuing thereafter until she spoke with Officer Frey). Therefore, under *Jones*, Pineda's convictions on counts one and two are supported by substantial evidence. (*Jones*, *supra*, 51 Cal.3d at p. 316.)

As noted above, the crux of Pineda's sufficiency argument is the prosecution was required to prove the offenses occurred "on or between August 13, 2017 and September 1, 2017" as alleged in the information. At the outset, we note Pineda's argument is unavailing with respect to his conviction on count two because, as noted above, the evidence demonstrates he digitally penetrated Jane's vagina on September 1, 2017, two days before her interview with Officer Frey.

In any event, as the Attorney General correctly points out, the prosecution was not required to prove either of the crimes occurred in the timeframe alleged in the information. "'The law is clear that, when it is charged that an offense was committed "on

7

or about" a named date, the exact date need not be proved unless the time "is a material ingredient in the offense" [citation], and the evidence is not insufficient merely because it shows that the offense was committed on another date.' [Citations]." (*Garcia*, *supra*, 247 Cal.App.4th at p. 1022.)

We are not persuaded by Pineda's argument that *Garcia* does not apply here because the information alleged the crimes occurred "on or between" two dates instead of "on or about" a certain date. Contrary to Pineda's argument, even where the information alleges an offense took place on a certain date, rather than "on or about" that date, the prosecution is not required to prove the crime was committed on the specified date unless time is a material ingredient to the offense.

For example, in *People v. Amy* (1950) 100 Cal.App.2d 126 (*Amy*), the defendant was charged with two counts of violating section 288. (*Id.* at p. 126.) The information alleged count one was committed on June 20, 1949, and count two was committed on December 23, 1949. (*Id.* at p. 127.) At trial, the victim testified the first act occurred while she was on summer vacation in 1949, and the second act occurred on a day when her mother went to the beauty shop a week or two before Christmas. (*Ibid.*) The defendant was found guilty on both counts. (*Id.* at p. 126.) On appeal, the defendant argued his convictions should be overturned because "'there was a failure to prove a specific act on a specified date as charged.'" (*Id.* at p. 127.)

The Court of Appeal rejected the defendant's argument. (*Amy*, *supra*, 100 Cal.App.2d at pp. 127-128.) In so doing, the court observed "[t[he burden was on the [P]eople to prove that the offenses occurred within the period of limitation but they are not required to prove the date with exactness. [Citation.]" (*Id.* at p.

127.) The court further noted that a variance between the pleading and the proof should be disregarded "unless time is of the essence of the offense," and a challenge to such a variance cannot be made for the first time on appeal unless the defendant shows he was prejudiced thereby. (*Id.* at pp. 127-128.) Thus, the court affirmed the convictions, reasoning: (1) the prosecution proved the offenses were committed within the applicable limitations period; (2) the defendant did not indicate he was misled in making his defense; (3) the defendant did not attempt to prove he had an alibi on either of the dates alleged; and (4) the defendant was not in danger of double jeopardy. (*Id.* at p. 128.)

Here, as in *Amy*, the prosecution proved Pineda committed the crimes of sexual intercourse with and sexual penetration of a minor ten years or younger within the applicable ten-year limitations period. (§ 801.1, subd. (b).) Neither crime requires the wrongful act occur in a certain timeframe. (See § 288.7, subds. (a) & (b); cf. § 288.5, subd. (a) [a person "is guilty of the offense of continuous sexual abuse of a child" if he, "over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years"].) Nor did Pineda attempt to prove an alibi. Therefore, time was not essential to either of the offenses at issue. (*People v. Obremski* (1989) 207 Cal.App.3d 1346, 1354 ["Time is essential if the defense is alibi. [Citation.]"].) Additionally, at trial, Pineda did not object to any variance between the information and the evidence. On appeal, he has not argued or otherwise shown he was prejudiced thereby.

Accordingly, for the reasons discussed above, we conclude Pineda's substantial evidence challenge is without merit.

## II. Admissibility of A's Testimony Regarding Jane's Report of Abuse to Her

At trial, the prosecution sought to elicit testimony from A regarding whether Jane told her about Pineda's inappropriate conduct. Defense counsel objected on hearsay grounds. The prosecution responded the testimony was admissible under the fresh complaint doctrine. After discussing the issue with counsel in chambers, the court allowed the prosecution to lay a foundation on when, specifically, Jane told A about the abuse. Thereafter, the trial court overruled defense counsel's hearsay objection, and A testified: "[Jane] told me . . . when she would sleep, . . . her father would touch her."

Pineda contends the trial court erred by admitting A's testimony concerning Jane's report of abuse to her because: (1) the testimony fell outside the scope of the fresh complaint doctrine; and (2) the testimony was inadmissible under Evidence Code section 352.

"A trial court's exercise of discretion in admitting or excluding evidence is reviewable for abuse [citation] and will not be disturbed except on a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice [citation]." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9-10.) We address each of Pineda's arguments in turn below.

### 1. Admissibility Under Fresh Complaint Doctrine

In *People v. Brown* (1994) 8 Cal.4th 746 (*Brown*), our Supreme Court defined the modern view of the fresh complaint doctrine as follows: "[U]nder principles generally applicable to the determination of evidentiary relevance and admissibility,

10

proof of an extrajudicial complaint, made by the victim of a sexual offense, disclosing the alleged assault, may be admissible for a limited, nonhearsay purpose—namely, to establish the fact of, and the circumstances surrounding, the victim's disclosure of the assault to others—whenever the fact that the disclosure was made and the circumstances under which it was made are relevant to the trier of fact's determination as to whether the offense occurred. Under such generally applicable evidentiary rules, the timing of a complaint (e.g., whether it was made promptly after the incident or, rather, at a later date) and the circumstances under which it was made (e.g., whether it was volunteered spontaneously or, instead, was made only in response to the inquiry of another person) are not necessarily determinative of the admissibility of evidence of the complaint." (*Id.* at pp. 749-750, italics omitted.)

Moreover, the Court stated that to be admissible under the fresh complaint doctrine, "[e]vidence of the victim's report or disclosure of the alleged offense should be limited to the fact of the making of the complaint and other circumstances material to [the] limited [nonhearsay] purpose [of its admission]." (*Brown, supra,* 8 Cal.4th at p. 763.) The "'fact of complaint' [does] not include details of the incident, but [does] include evidence demonstrating the complaint "'related to the matter being inquired into, and [was] not a complaint wholly foreign to the subject . . . .'" [Citation.]" (*Id.* at p. 756, italics omitted, quoting *People v. Burton* (1961) 55 Cal.2d 328, 351 (*Burton*).) Consequently, "the alleged victim's statement of the nature of the offense and the identity of the asserted offender, without details, is proper. [Citations.]" (*Burton, supra,* 55 Cal.2d at pp. 351-352, italics omitted.)

11

Pineda contends A's testimony regarding Jane's report of abuse fell outside the scope of the fresh complaint doctrine because the testimony impermissibly set forth the "details of what statements were made." We disagree.

Here, A's testimony was limited to Jane's statement of the asserted offender's identity (her father) and the nature of the offense (inappropriate touching). Therefore, A's testimony properly illustrated Jane's complaint related to the crimes alleged. (*Burton*, *supra*, 55 Cal.2d at pp. 351-352.) No testimony was admitted regarding Jane's report of the specific details pertaining to Pineda's wrongful conduct. Indeed, when asked whether Jane gave A any other details, A testified she did not remember.

We reject Pineda's contention that *Brown* completely overruled all prior cases applying the fresh complaint doctrine, such as *Burton*. In *Brown*, our Supreme Court only disapproved earlier fresh complaint cases to the extent they: (1) supported "the original premise and rationale underlying the fresh-complaint doctrine," i.e., "that it is natural for the victim of a sexual assault to complain promptly following the assault"; and (2) held that, to qualify as a fresh complaint, the report must have been made within a short time following the incident in question and not in response to questioning. (*Brown*, *supra*, 8 Cal.4th at pp. 749, 758-760, 762-763.) Of relevance to our analysis in this case, the Court did not overrule *Burton*'s holding that "although details cannot be recounted, it can be shown by the People 'that the complaint related to the matter being inquired into, and was not a complaint wholly foreign to the subject' [citation]; that is, the alleged victim's statement of the nature of the offense and the identity of the asserted offender,

12

without details, is proper. [Citations.]" (*Burton*, *supra*, 55 Cal.2d at p. 351, italics omitted; see *Brown*, *supra*, 8 Cal.4th at pp. 756, 759-763.)

Accordingly, for the reasons discussed above, we conclude the trial court did not abuse its discretion by finding A's testimony concerning Jane's report of abuse to her fell within the fresh complaint doctrine.[2]

## 2.    Admissibility Under Evidence Code Section 352

Evidence Code section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." ""Prejudice" in the context of Evidence Code section 352 refers to the possibility of misuse of the evidence—use of the evidence by the trier of fact for a purpose for which the evidence is not properly admissible.' [Citation.]" (*People v. Jiminez* (2019) 35 Cal.App.5th 373, 390.)

Pineda contends A's testimony concerning Jane's report of abuse was inadmissible under Evidence Code section 352. Specifically, he suggests the testimony's probative value was substantially outweighed by the risk of undue prejudice because

---

2    Pineda correctly observes the trial court did not instruct the jury that A's testimony was to be considered only for the limited, nonhearsay purpose of establishing the fact of, and the circumstances surrounding, Jane's disclosure of Pineda's sexual assault to her. The trial court, however, was not required to give such an instruction, as defense counsel did not request it to do so. (*People v. Manning* (2008) 165 Cal.App.4th 870, 880.)

Jane "had already testified that she had relayed complaints about [Pineda's] alleged misconduct to other people, including [A's] mother." We do not agree with Pineda's argument.

At the outset, we note defense counsel did not object to A's testimony regarding Jane's report of abuse to her on Evidence Code section 352 grounds at trial. Consequently, Pineda's argument on the issue has been forfeited. (*People v. Williams* (1997) 16 Cal.4th 153, 206.)

In any event, even if a specific and timely objection had been made, and Pineda had not forfeited this argument, we discern no error. As noted above, Jane testified in detail about Pineda's sexual abuse. A's testimony regarding Jane's report of abuse was therefore probative of Jane's credibility. (See *People v. Ramirez* (2006) 143 Cal.App.4th 1512, 1522.) Moreover, A's testimony on the matter consisted of a single sentence and did not include any details. Under these circumstances, it would have been well within the trial court's discretion to find the probative value of A's testimony was not substantially outweighed by the risk of undue prejudice.

### 3.    Prejudice

Even assuming, *arguendo*, the trial court erred by admitting A's testimony concerning Jane's report of abuse, we would find no prejudice under *Chapman v. Cal.* (1967) 386 U.S. 18, 24 [87 S.Ct. 824, 17 L.Ed.2d 705] (*Chapman*) or *People v. Watson* (1956) 46 Cal.2d 818, 836-838 (*Watson*). Here, the evidence of Pineda's guilt was overwhelming. Again, as discussed above, Jane testified in substantial detail about Pineda's crimes. The evidence also established Jane reported Pineda's inappropriate touching to the neighbor girls' mother, Officer

Frey, and Detective Burse. Under these circumstances, the asserted error would have been harmless beyond a reasonable doubt, and it is not reasonably probable that the trial court's exclusion of A's brief testimony regarding Jane's report of abuse to her would have resulted in a more favorable outcome for Pineda. (See *Chapman, supra,* 386 U.S. at p. 24; *Watson, supra,* 46 Cal.2d at pp. 835-836.)[3]

## III. Separate Punishments on Counts One and Two

Pineda contends the trial court should have stayed his sentence on count two based on section 654. Specifically, he argues the evidence demonstrates "the incidences of digital penetration preceded, or were immediately followed by, intercourse." Therefore, Pineda argues, his "intent in digitally penetrating [Jane] on each occasion was merely incidental to his objective in penetrating her with his penis." The Attorney General responds substantial evidence supports the trial court's finding that section 654 does not apply, as the court could have reasonably concluded "the digital penetration was accomplished for the purpose of [Pineda's] own arousal, and not to facilitate any other form of sexual contact." We agree with the Attorney General.

---

3    Pineda also contends the trial court violated his federal constitutional rights to due process and fair trial by admitting A's testimony about Jane's report of abuse to her. As the Attorney General correctly points out, however, Pineda has forfeited his constitutional claims because he did not raise any objection on those grounds below. (*People v. Riggs* (2008) 44 Cal.4th 248, 304.) In any event, Pineda's claim is meritless because the trial court did not err by admitting the testimony at issue. (*Ibid.*)

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

Section 654 "'applies when there is a course of conduct which violates more than one statute but constitutes an indivisible transaction.' [Citation.] Generally, whether a course of conduct is a divisible transaction depends on the intent and objective of the actor: 'If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' [Citation.]" (*People v. Alvarez* (2009) 178 Cal.App.4th 999, 1006 (*Alvarez*).)

"However, the rule is different in sex crime cases. Even where the defendant has but one objective—sexual gratification—section 654 will not apply unless the crimes were either incidental to or the means by which another crime was accomplished. [Citations.] [¶] But, section 654 does not apply to sexual misconduct that is 'preparatory' in the general sense that it is designed to sexually arouse the perpetrator or the victim. [Citation.]" (*Alvarez*, *supra*, 178 Cal.App.4th at p. 1006.)

"Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination. [Citations.] Its findings will not be reversed on appeal if there is any substantial evidence to support them. [Citations.] We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence. [Citation.]" (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

16

Applying the principles above, we conclude substantial evidence supports the trial court's finding that section 654 does not apply in this case. Jane testified that sometimes Pineda touched her vagina with both his penis and fingers on the same day, but other times he would use only one of those body parts to touch her on a single day. Based on this testimony, the trial court could reasonably conclude Pineda performed each act of digital penetration and sexual intercourse for purposes of accomplishing his own sexual arousal. Moreover, even assuming any instance of sexual intercourse was immediately preceded by digital penetration as Pineda contends, the trial court could nevertheless conclude the earlier acts were not "merely incidental to or facilitative of the later acts[,]" because sexual intercourse may be accomplished without digital penetration. (*People v. Madera* (1991) 231 Cal.App.3d 845, 855; *Alvarez, supra,* 178 Cal.App.4th at pp. 1006-1007.)

Accordingly, the trial court did not err by imposing separate punishments for counts one and two.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.